GUINEY v. OSBORN.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
   On appeal from directed verdict for defendant, evidence is viewed in a light most favorable to plaintiff.

2. AUTOMOBILES—PASSENGERS—GIFTS—PURCHASE OF GASOLINE.
   Evidence that plaintiff's decedent and her daughter, a passenger in defendant's car at least five times a week for a distance of about 16 miles, gave various presents, prepared some food, and purchased gasoline at times for defendant without any definite agreement therefor *held*, insufficient to establish transportation as one for hire or relation of decedent and daughter other than that of gratuitous guests (1 Comp. Laws 1929, § 4648).

Appeal from Wayne; Landers (Thomas J.), J., presiding. Submitted October 10, 1940. (Docket Nos. 40, 41, Calendar Nos. 41,274, 41,275.) Decided December 10, 1940.

Separate actions of case by Hurd B. Guiney, as administrator of the estate of Ferne Guenther, deceased, against Leon A. Osborn for fatal injuries received in an automobile accident and, as guardian of Jacala Guenther, a minor, against same defendant for personal injuries received in same accident. Cases consolidated for trial. Directed verdicts and judgments for defendant. Plaintiff appeals. Affirmed.

*Monaghan, Crowley, Clarke & Kellogg* (*Bartlette E. Nutter,* of counsel), for plaintiff.

*Cary & BeGole,* for defendant.

Wiest, J. The question in the two cases is whether the trial court was in error in directing verdicts for defendant.

Plaintiff claims the evidence presented issues requiring submission to the jury. Viewing the evidence in its most favorable aspect on that question, plaintiff failed to present an issue for jury consideration, and the court was not in error in directing verdicts.

The issue of law is whether Ferne Guenther and her daughter, Jacala Guenther, were passengers for hire in defendant's automobile on March 23, 1938, when there was a collision with a streetcar at the intersection of Fort street and Stocker avenue in the city of Detroit and they were injured, or were they gratuitous guest passengers.

Counsel for plaintiffs negatived gross negligence or wilful and wanton misconduct.

All parties resided in Trenton, about 16 miles from Detroit. Defendant was employed in Detroit and used his automobile in making the daily transit. Mrs. Guenther was employed part time in Detroit

and Jacala full time. The parties became acquainted and defendant was soon carrying Mrs. Guenther and Jacala on his trips to and from Detroit. This service originated as an act of kindness on the part of defendant, and, as a counter act of kindness, the Guenthers frequently gave defendant a cup of coffee and sometimes his breakfast when he called for them early in the morning. In the fall of 1937, Mrs. Guenther wanted to visit relatives at Dayton, Ohio, and arranged with defendant to make the trip with his car and she took care of the expenses. For that trip she presented him with a windshield wiper and defroster. That trip was special and, upon its termination, a closed matter. A Mrs. Green, at whose home in Trenton the Guenthers had quarters, testified that at one time she put a dollar in defendant's pocket against his protest, intending it toward operating expenses of the automobile.

Mrs. Guenther died and Jacala was a witness and testified that she was 19 years of age at the time of the accident; that defendant started to transport her and her mother to and from their work in Detroit about nine months before the accident and—

"He drove me in approximately five days a week and on occasions drove my mother also. He also drove me and my mother from Detroit to Trenton but that was not frequently.

"*Q.* Will you state whether or not on any of those occasions, whether going to Detroit from Trenton or from Detroit to Trenton, your mother ever purchased the gasoline or oil?

"*A.* Gasoline."

She also testified that she never paid defendant any money but at Christmas time in 1937, she gave him a scarf and gloves and one time her mother gave him a necktie; that the transportation "was

an arrangement for which we intended to compensate him in some way. No definite way, of course."

"*Q.* There had been no agreement between you or your mother and Mr. Osborn, had there?

"*A.* Between my mother and I.

"*Q.* Between your mother and you?

"*A.* Yes.

"*Q.* But not as between your mother and Mr. Osborn, or you and Mr. Osborn?

"*A.* No."

Under such testimony we have an instance of kindly service rendered by defendant without sordid consideration and appreciation thereof by Mrs. Guenther and her daughter in the same spirit but now, for the purpose of a law suit, it is sought to raise a contract of hire out of the Christmas present, the necktie, the dollar given by a third party, breakfast coffee, and furnishing of gasoline without giving the date, quantity or frequency.

The facts most favorable to plaintiff negative a carrying for hire; the law, under such facts, reaches the same result, and the court was not in error in holding that the attenuated response in kindness by Mrs. Guenther and her daughter did not constitute them other than gratuitous guests on the occasion of the accident and recovery is barred by the guest act, 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446).

Gratuitous purchase of gasoline did not constitute the transportation one for hire or change the relation from that of gratuitous guests. *Morgan* v. *Tourangeau,* 259 Mich. 598.

The judgments are affirmed, with costs to defendant.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred.