No. 35,452

RUTH PILCHER, *Appellee*, v. JOHN F. ERNY, *Appellant*.

(124 P. 2d 461)

Opinion filed April 11, 1942.

*George Siefkin,* of Wichita, argued the cause, and *Kenneth L. Hodge,* of McPherson, *Claude E. Chalfant,* of Hutchinson, *Robert C. Foulston, Samuel E. Bartlett, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt,* all of Wichita, were on the briefs for the appellant.

*Max Wyman,* of Hutchinson, argued the cause, and *Erskine Wyman,* of Hutchinson, was on the briefs for appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages alleged to have been sustained when the automobile in which plaintiff was a passenger collided with a truck that was parked on the street without lights. The action was against the driver of the car in which plaintiff was riding. Judgment was for the plaintiff. Defendant appeals.

The petition alleged that plaintiff had made a contract with defendant to take her from Hutchinson, Kan., to Stafford in his automobile; that he was in full charge of the machine and drove it so negligently that he drove it into the rear of a truck and trailer that was parked on the side of the street, and injured plaintiff.

The answer was a general denial and a special denial that plaintiff was a passenger for hire and an allegation that the collision was caused by the negligence of the driver of the truck; also an allegation that the plaintiff was guilty of contributory negligence.

The reply was a general denial.

At the close of the plaintiff's evidence the defendant demurred to it on the ground that it did not prove a cause of action. The jury answered special questions and returned a verdict for plaintiff. Judgment was rendered on the verdict. Hence this appeal.

At the outset it should be noted that the action was by a passenger in an automobile against the driver of it; there was no allegation that the defendant was guilty of gross and wanton negligence—hence, plaintiff, in order to recover against defendant, had the burden of establishing that she was a passenger for hire. (See G. S. 1935, 8-122b.)

We shall examine the evidence on that point. The plaintiff testified that she was a seamstress and lived at 129 East Second street, Hutchinson; that defendant had asked her if she wanted to go to

Stafford with him sometime before there was any transaction about a coat; that defendant delivered papers in his automobile on Sundays over a route that took him through Stafford and out to western Kansas; that defendant brought a leather coat to her that was ripped in the sleeve and she fixed it for him and charged him $1.25 for it; that defendant later asked her if she wanted to go to Stafford and she said she did and when he called for the coat and offered to pay for it she said "no" she would let the repairing go on the expenses of herself and her son to Stafford. She then testified:

"Q. What did he say about that? A. Well, he first said, 'You don't owe me anything for going out there, that is all right. I will take you, I am going anyway, I am making the trip anyway and I will take you out.'

"Q. What did you tell him? A. I told him I didn't want it that way; I paid my expenses as I went and when I don't have them, I don't go.

"Q. What did he say to that? A. Well, if I felt that way about it, it was all right."

Defendant argues here that the above testimony did not prove a contract of transportation between plaintiff and defendant within the meaning of G. S. 1935, 8-122b. He argues that the evidence proved that the real motivating cause of defendant having plaintiff in his car was a desire on his part to be accommodating and to extend to her and her son the hospitality of his car as far as Stafford, since he was going there in any event. He argues that the transportation with reference to the coat was only incidental to the above consideration.

In *Druzanich v. Criley,* (Cal. App.) 107 P. 2d 445, the court, in dealing with a similar question, said:

"'Where a special tangible benefit to the defendant was the motivating influence for furnishing the transportation, compensation may be said to have been given. But it is not given where the main purpose of the trip is the joint pleasure of the participants. The payment of a portion of the expense, as for gasoline and oil consumed on the trip, is merely incidental and does not constitute the moving influence for the transportation. The provocation for the offer of transportation remains the joint social one of reciprocal hospitality or pleasure. The same conclusion was announced in *Rogers v. Vreeland,* 16 Cal. App. 2d 364, 60 P. 2d 585, under similar facts, and we perceive no necessity for adopting a different rule in construing the language employed by the legislature.' See, also, *Stephen v. Spaulding,* 32 Cal. App. 2d 326, 89 P. 2d 683.

"(1) A review of the cases cited indicates, as was aptly stated by the court in *Duclos v. Tashjian,* 32 Cal. App. 2d 444, 450, 90 P. 2d 140, 143, that the relationship of passenger arises when a journey is undertaken not as an act of hospitality nor as a favor, 'but as a real and vital part of his business, with an

eye to. his own profit . . . not as a means of obtaining free transportation, but as an integral part of a business transaction.'" (p. 447.)

In *Arkansas Valley Coöperative Rural Elec. Co. v. Elkins,* 141 S. W. 2d 538, it was said:

"In determining who is a 'guest' within meaning of the statute precluding recovery by a guest from driver of an automobile for injuries resulting from its operation, unless injuries are caused by the willful misconduct of driver, one important element is the identity of the persons advantaged by the carriage, and if the carriage tends to the promotion of mutual interests, of both passenger and driver, or if it is primarily for the attainment of some objective or purpose of driver, the passenger is not a 'guest' within the statute." (Headnote 12.)

See, also, *Fuller v. Tucker,* 4 Wash. 2d 426, 103 P. 2d 1086; *Payne v. Fayetteville Merc. Co.,* 150 S. W. 966 (Ark.); *Bushouse v. Brom,* 297 Mich. 616, 298 N. W. 303; *Scotvold v. Scotvold,* 298 N. W. 266 (S. Dak.); and *Guiney v. Osborn,* 295 Mich. 559, 295 N. W. 264.

Applying the rule laid down in the above cases to the present situation and giving the plaintiff the benefit of all reasonable inferences to be drawn from her evidence, we have concluded that the arrangement between herself and defendant as to payment for repairing the coat was only incidental to the business for which he was making the trip to Stafford and beyond. There had been talk about plaintiff going as far as Stafford with him before he brought the coat in to be repaired. There can be no doubt that he would have gone there anyway, regardless of any arrangement with plaintiff. G. S. 1935, 8-122b, was enacted to make it more difficult for guests to recover damages. from their hosts on account of injuries sustained in automobile wrecks. It would not do to exempt carriers for hire from liability for such damages, so the provision making an exception in cases where the guest paid for his transportation was written into the statute. The intention was, however, that the exception should apply only where the payment was the chief motivating cause for the trip or carriage, not to a case such as we have here where the trip would have been made in any event by the driver of the car, and the plaintiff was in the car, in the main, on account of a desire on the part of the defendant to be accommodating and to extend the hospitality of his car to her and her son.

Plaintiff has cited and relies on decisions from other jurisdictions which seem to hold contrary to the views expressed here. We have examined these authorities. In .most instances we find them not to

be in point. In the cases where there appears to be a conflict we prefer the reasoning of the authorities which support the views herein expressed.

The above conclusion requires a holding on our part that the trial court erred in overruling the demurrer of the defendant to the evidence of plaintiff.

There is another reason why this ruling was error. The most liberal interpretation that can be given the contract about which plaintiff testified is the contract which she made was for herself and her son to be transported in the automobile of defendant from Hutchinson to Stafford. This contract was for transportation not to begin until the trip to Stafford actually started. It did not cover incidental driving about the city of Hutchinson, which had nothing to do with the trip from Hutchinson to Stafford.

Plaintiff testified that when she and defendant left her residence in defendant's car they started east on Fourth street to "Ma Lundreys" to get some sandwiches, and that after they got the sandwiches they were going to come back to the skating rink and pick up her son. The collision occurred when the car was being driven between the residence of plaintiff and the place where they were to obtain the sandwiches. This was no part of any trip from Hutchinson to Stafford. It was clearly incidental driving indulged in for the mutual pleasure of plaintiff and defendant. In view of that fact, we hold that even though there had been a valid contract whereby the plaintiff was to pay defendant for transporting her and her son from Hutchinson to Stafford, the trip that she was making at the time she was injured was not part of this contract and did not come under the exception set out in the statute. This conclusion requires a holding that the trial court erred in overruling the demurrer of defendant to the evidence of plaintiff.

The judgment of the trial court is reversed with directions to enter judgment for the defendant.

Hoch, J., not participating.