No. 36,217

JOHN H. VOGRIN, *Appellee,* v. THOMAS A. BIGGER and JOHN M. RANKIN, *Appellants.*

(154 P. 2d 111)

Opinion filed December 9, 1944.

*J. E. Schroeder,* of Kansas City, argued the cause, and *Edwin S. McAnany*

and *Thos. M. VanCleave,* both of Kansas City, were on the briefs for the appellants.

*Elmer E. Martin,* of Kansas City, and *Harry C. O'Riley,* of Cottonwood Falls, argued the cause for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action for damages for personal injuries and from a judgment against them the defendants appeal, the primary question presented being whether plaintiff was a guest within the purview of the automobile guest statute. (G. S. 1935, 8-122b.) At the trial the question was raised by defendants' demurrers to plaintiff's evidence, which were overruled, as well as by their motions for a directed verdict, which were denied.

In plaintiff's petition it was alleged that his injuries were the result of the joint negligence of both defendants, Bigger acting through Rankin, his agent; that defendants requested plaintiff to ride with defendant Rankin in an automobile to a point near Seneca, Kan., for the purpose of assisting in procuring a purchaser for a farm; that plaintiff complied with the request and accompanied Rankin, who negligently drove the automobile so that it struck a concrete abutment and caused plaintiff's injuries. Without detailing them, it may be said the petition alleged only acts of simple negligence, as distinguished from acts of gross and wanton negligence as those words are used in the above-mentioned statute.

Defendants filed a verified answer in which they denied the agency of Rankin for Bigger in procuring a purchaser of any farm and that the trip taken by Rankin was for that purpose. It was further alleged that plaintiff had asked Rankin to let him know when he would take an automobile trip into the country as plaintiff would like to accompany him, and pursuant to such request Rankin informed plaintiff he was planning a trip to Seneca, Kan., and plaintiff requested permission to accompany Rankin on the trip, and plaintiff at all times was the guest of Rankin. Other allegations need not be noted.

In considering the sufficiency of plaintiff's evidence, we need review only those portions tending to show whether plaintiff was a guest within the purview of the above mentioned statute, which for our purposes reads:

"That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury . . .

unless such injury . . . shall have resulted from the gross and wanton negligence of the operator of such motor vehicle." (G. S. 1935, 8-122b.)

As shown by the abstract and counter-abstract, no person testified concerning the circumstances under which plaintiff accompanied Rankin except the plaintiff himself. The substance of his testimony, parts of which he repeated, was that on the morning of January 10, 1941, Rankin called him by telephone and asked him if he would mind taking a ride in the country. Before answering he talked to his wife, who advised him to go, and he told Rankin he would. He got ready and went to Bigger's office in Kansas City, Kan., where he saw Mr. Bigger, Mrs. Bigger and Rankin. Mr. Bigger asked his wife to go across the street with him, and "As he went on out he said, Well, John, he said, Well now be sure that you make that farm deal before you get back. Whether he called me John, or Mr. Rankin John—we were both John—". (It may here be interpolated that there is no showing that Bigger had been talking to plaintiff about farms or anything else, nor is there any further explanation about which John he addressed in the above statement.) Rankin put on his hat and coat and said, "Let's get in the car and be on our way." It was Bigger's car. They drove out Highway 40 to where Rankin lived and he got some stuff there and they started west. Rankin asked plaintiff which way he would like to go and witness said he would rather go through Tonganoxie. After they were out on the highway Rankin explained about the farm and that they were trying to sell it, and being that plaintiff was along when they got there Rankin would introduce plaintiff to the tenant, and plaintiff was then to say he would like to look over the grounds and walk away and that Rankin said, "I am pretty sure by the time you come back I will have a check in my hand," and that plaintiff responded it would be all right and he would do his best. At a later point in the trial plaintiff was recalled and testified that on previous occasions he had ridden with Rankin, the rides were usually for pleasure or to take witness home; that on January 10, Rankin had called him and invited him to go along, he had never been to Nemaha county with Rankin or Bigger, did not know where the farm was and he had not paid any of the expenses of the trip. The accident, details of which need not be set forth, occurred on the trip to Nemaha county and before the farm was reached. It may be noted that we have examined the evidence of defendants to discover whether either

defendant made any admissions against interest, or supplied any defects of proof in plaintiff's evidence. Such examination shows no such admissions nor amplification of plaintiff's evidence, but only a denial of plaintiff's contention concerning the purpose of the trip and his participation in an effort to sell the farm, and defendants' explanation of plaintiff's presence in their car. In considering the demurrers that explanation cannot be considered.

In support of the trial court's ruling on the demurrers, appellee directs our attention to *Elliott v. Behner,* 146 Kan. 827, 73 P. 2d 1116, and *LeClair v. Hubert,* 152 Kan. 706, 107 P. 2d 703, and to cases cited in them, as well as to some decisions from other jurisdictions, and argues that the agreement of plaintiff to participate in an effort to sell the farm converted him from a guest to the status of a paying passenger. The Elliott case is not controlling here. In that case the driver of a county truck had been hauling county workmen to and from their work. On one of the trips, through negligence of the driver, one of the workmen was injured and died. It was held the guest statute had no application; that the driver was receiving a direct benefit from a third party (the county) and the transportation was not gratuitous and there was no guest relationship. Neither is the LeClair case controlling. Without detailing the facts, it clearly appeared that LeClair, who it was claimed was a guest, was sent by his employer to accompany the driver of a common carrier to assist in the loading of some heavy merchandise to be delivered to the employer, and that he was injured through negligence of the driver. It was held that while LeClair was not the usual sort of passenger as to put him in the privileged position of a cash-paying passenger, his presence in the truck, under the particular circumstances, imposed a duty on defendant to operate the truck with due care.

Appellants, in support of their contention the plaintiff's evidence disclosed him to be within the purview of the guest statute, rely upon *Pilcher v. Erny,* 155 Kan. 257, 124 P. 2d 461, where it was held:

"The provisions of G. S. 1935, 8-122b, to the effect that the statute does not apply where the guest is paying for his transportation, apply only to cases where the chief motivating cause of the plaintiff being in the automobile of defendant was the payment being made by plaintiff, and not to a case where the plaintiff was in the automobile of defendant merely on account of a desire on the part of the defendant to be accommodating, to extend the hospitality of his car to plaintiff, or for their mutual entertainment." (Syl. ¶ 1.)

The evidence in the instant case clearly discloses that when the automobile trip started in Kansas City, Kan., the plaintiff was a guest, there being no arrangement of any kind for his paying for his transportation. Under appellee's theory of the case that situation changed after plaintiff and defendant Rankin had gone from Bigger's office, after they had stopped at Rankin's house on Highway 40, and after they had then proceeded about five miles further on the journey. Plaintiff's evidence is that then Rankin stated why he had asked plaintiff to go along. Under that theory when the trip started, plaintiff was a nonpaying guest and under the statute would have no cause of action for injuries except those inflicted through gross and wanton negligence of the operator of the motor vehicle, but during the course of the trip his status changed to that of a person being transported for a consideration. To avoid some implications from such a situation, appellee directs our attention to evidence that after the conversation, Rankin and the plaintiff stopped along the route and went to a restaurant for refreshments, and when the trip was resumed it was on a different basis than when they left Kansas City.

From a consideration thereof, this court is of the opinion that the evidence in this case shows that when the trip started plaintiff's situation was simply that of a nonpaying guest; that the chief motivating reason for his being in the car on the trip was not upon any payment of consideration therefor; that under his evidence he did not continue on the trip by reason of his agreement to perform any service for Rankin or his alleged principal, but that he was a passenger in the car merely on account of defendant Rankin's extending to him the hospitality of a ride. We have reëxamined the rule of *Pilcher v. Erny*, supra, and believe it should be followed, and that defendants' demurrers to plaintiff's evidence should have been sustained. Insofar as defendant Bigger is concerned, his demurrer also raised the question of the sufficiency of the proof that Rankin was his agent so as to bind him on the alleged contract for transportation, but in view of our conclusion that need not be discussed.

However, the matter need not be rested solely on the demurrers to plaintiff's evidence. Defendants' evidence, aside from any denials of plaintiff's version of the matter, disclosed without dispute that Rankin was going to the farm to deliver certain materials for use in making improvements on the farm residence, and that the trip would have been made regardless of whether plaintiff had accepted Rankin's invitation. The demurrers not having been previously sus-

tained, the motions of defendants for an instructed verdict in their favor should have been allowed. In view of our conclusions it is not necessary that we consider other contentions of appellants.

The judgment of the trial court is reversed and the cause remanded with instructions to sustain defendants' demurrers to plaintiff's evidence.