LEOTA YARNALL, APPELLANT, v. DOYLE GASS AND KENNETH MONTAGUE, RESPONDENTS.—217 S. W. 2d 283.

Kansas City Court of Appeals. Opinion delivered January 10, 1948.

*Price Shoemaker, Elmer E. Reital* and *Stanley I. Dale* for appellant.

*Brown, Douglas* and *Brown, R. A. Brown, Jr.,* for respondents.

DEW, J.—Appellant, plaintiff below, brought suit for personal injuries incurred in an automobile accident. At the close of her evidence defendants offered an instruction for a directed verdict, which was given. From the judgment rendered thereunder, plaintiff has appealed.

In substance, the material facts alleged in plaintiff's petition are that defendant Doyle Gass was the owner of a Ford truck engaged in delivering United States mail and the same was being used in conducting a mail route from Marysville, Kansas to St. Joseph, Missouri; that both defendants are nonresidents of Missouri; that it was the custom of defendant Gass and his agent and employee, defendant Montague, to haul passengers while engaged in the aforesaid mail route, and for customers to give money to the driver of said truck upon the completion of the journey; that such servant and employee of defendant Gass accepted plaintiff as a passenger with the expectation of receiving money at the end of the journey; that plaintiff had ridden with said servant and employee on numerous prior occasions and "that the money to be paid for riding from Beattie to Hiawatha, Kansas was 75 cents". It is further alleged that on May 2, 1946, she was a passenger in said truck driven at the time by defendant Montague and that when the truck reached the town of Seneca, Kansas that night, said employee stopped the truck and parked on a steep incline in a public street by the Guilford Hotel; that while said agent was in the hotel, and while the truck in which plaintiff was seated was uncontrolled and unattended, as aforesaid, it rolled down the street and plaintiff, in the exercise of ordinary care for her own safety, attempted to alight from said truck, and was injured. Various charges of negligence are alleged having to do with insufficient brakes; failure to set the brakes, careless parking, etc. The injuries are alleged, but are immaterial to the question here involved.

In their answers defendants admit some of the allegations of the petition and deny others, but affirmatively plead as a complete defense Section 8-122b, General Statutes of Kansas, 1935, commonly known as the Kansas Guest Statute, which reads as follows:

"That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence of the operator of such motor vehicle".

The answers further pleaded decisions of the Supreme Court of Kansas construing the above statute. The answers further alleged that the truck in question was operating on a regular trip and on a regular route picking up United States mail for transportation to and intermediate delivery at St. Joseph, Missouri, which was the primary and only purpose of said trip; that the plaintiff had not paid or suggested payment to either defendant of any compensation or consideration for the privilege of riding in said truck, and that defendants were not at the time engaged in the transportation of passengers for hire, and that under the circumstances plaintiff was a mere guest, being transported gratuitously for accommodation only, within the meaning

of said Kansas Guest Statute. Defendants also alleged contributory negligence. The answer in behalf of defendant Kenneth Montague was filed by his guardian *ad litem* appointed by reason of that defendant's minority.

A reply was filed by the plaintiff which, among other denials, denied the application of the Kansas Guest Statute to this cause, and cited decisions of the Supreme Court of Kansas in support of that plea.

As stated by the appellant in her brief, "The principle issue in this case is whether or not the status of plaintiff is that of a fare-paying passenger, or a guest". That being the only issue submitted in the briefs, only such evidence as bears upon that question will be stated.

The plaintiff's testimony tended to prove that while she lived for many years in Kansas City, Missouri, she traveled extensively in Kansas in the employ of a publishing company, which published a magazine for which she solicited subscriptions. At the time in question she was assigned to northeastern Kansas, and on the morning of May 2, 1946, she went by railroad from Hiawatha, Kansas to Beattie, Kansas. She planned that evening to go to Hiawatha, where she could catch a train to Kansas City. She ate her evening meal in Beattie at a restaurant which was next door to the Post Office, from which place the driver of the mail truck was to leave. When defendant Montague, the driver of the mail truck arrived, plaintiff said to him: "May I ride down the highway with you to Hiawatha?", and he said: "Yes, you may". She had ridden with Montague twice before, once to Fairview and once to Hiawatha. She did not remember the dates, but the Fairview trip was "A year before the big fire", and the second trip was "a year or so" ago. She had paid him at the conclusion of both of those former trips. During the trip in question Montague told her defendant Gass owned the truck. They arrived at Seneca at about 9:00 o'clock in the evening. Montague stopped the truck on a rounding corner down a hill and said he had to pick up some mail. Plaintiff remained alone in the front seat. Montague stayed in the hotel for about twenty minutes. About the time he appeared and stood talking near the hotel, there was a gurgling sound in the motor, which was still running, and the truck "Just seemed to slide right away from under me". There were no lights inside the cab and no street lights were burning. It was total darkness. The truck gained speed as it moved down the incline and plaintiff reached for an emergency brake, which only fell back as she pulled it. Two cars were approaching and plaintiff pulled the steering wheel to direct the car to avoid the other cars and the truck swung quickly to the right into water, rocks and, apparently, a creek. The door snapped open and plaintiff was unable to recall what happened thereafter.

Upon cross-examination plaintiff said that previous to the last World War, she traveled her territory in her own car, but since 1941 had used the trains, bus, or sometimes would ride with "the mail

route people''. She was asked if she positively recalled that the defendant Montague, too young to have a driver's license in 1945, was the driver of the truck with whom she rode that year to Hiawatha, and she answered: ''Well, I didn't pay any attention to the driver. I don't remember him''. She stated, however, that she thought he was the driver on the second trip, made to Fairview, and that, after reaching her destination, she paid him ''a gratuity, tip or something'' for that trip in the amount of 75 cents. She admitted, however, that on the occasion under consideration, May 2, 1946, she never at any time had any discussion with defendant Montague about paying him anything except that she thought she asked him at one time during the trip about getting some change, but that she did not pay him anything, nor did he ask for any pay. She was asked:

''Q. In other words, when you paid these boys on the mail trucks, you paid whatever you felt like paying as a gratuity or tip?

''A. Yes, ordinarily it was; ordinarily people know about what it is by bus and whatever that is they pay accordingly.

''Q. Now, the reason he was going to Hiawatha was because that was his star route, wasn't it?

''A. That's right.

''Q. He had to go? A. That's right.

''Q. To take care of the route. He wasn't going to Hiawatha to take you to Hiawatha? A. No, he wasn't.

''Q. But he was going because of his star route? A. Um-huh.

''Q. And you went along incidentally because that happened to be his route. That's right, isn't it? A. Transportation''.

Upon re-direct examination plaintiff was asked:

''Q. Tell the Court and jury whether or not on these other occasions, be the date whatever it may, whether or not you paid Kenneth Montague for your ride.

''A. I paid one dollar to Hiawatha, Kansas, and seventy-five cents to Fairview.

''THE COURT: To whom? A. To the driver of this car.

''THE COURT: Well, was it this boy here?

''A. This was this boy the last time and the previous time was the same boy as far as I realized.

''Q. That's all''.

Plaintiff produced no further evidence as to the circumstances and conditions under which she was riding in the mail truck described.

It is not denied that the laws of Kansas apply to this cause and that if the Kansas Guest Statute quoted is applicable, it is determinative of the liability. Neither is it questioned that the construction of that statute by the Supreme Court of Kansas is controlling. It will be noted that in this case the petition did not plead that the negligence was gross and wanton. Neither is it claimed that gross and wanton

negligence was proved. On the contrary, as stated, appellant contends that the plaintiff was not a guest, but a passenger for pay, and that the statute does not prevent her recovery. On the other hand, if plaintiff was, under all the circumstances, a guest of defendants, the Kansas statute mentioned would prevent her recovery. The trial court, according to its statement, gave the instruction for a directed verdict on the ground that the statute did apply and prevented recovery.

It was said in Srajer v. Schwartzman, 164 Kan. 241, 188 P. 2d 971, 974, that in order to keep a passenger from being a guest by payment for the transportation, under the Guest Statute of Kansas, "there must be a substantial consideration of some sort moving to the operator or owner of the vehicle". In Pilcher v. Erny, 155 Kan. 257, 124 P. 2d 461, the court said:

"G. S. 1935, 8-122b, was enacted to make it more difficult for guests to recover damages from their hosts on account of injuries sustained in automobile wrecks. It would not do to exempt carriers for hire from liability for such damages so the provision making an exception in cases where the guest paid for his transportation was written into the statute. The intention was, however, that the exception should apply only where the payment was the chief motivating cause for the trip or carriage, not to a case such as we have here where the trip would have been made in any event by the driver of the car, and the plaintiff was in the car, in the main, on account of a desire on the part of the defendant to be accommodating and to extend the hospitality of his car to her and her son".

In the instant case, therefore, plaintiff, in order to show that she was not a guest of the defendant under the Kansas Guest Statute, must prove that there was a substantial consideration "moving to the operator or owner of the vehicle"; that such consideration was "the chief motivating cause for the * * * carriage", and not a mere case "where the trip would have been made in any event by the driver of the car, and the plaintiff was in the car, in the main, on account of a desire on the part of the defendant to be accommodating and to extend the hospitality of his car to her". Pilcher v. Erny, supra; Srajer v. Schwartzman, supra.

Plaintiff's proof was that she made no payment for the transportation and promised none, and that none was asked; that the mail truck was making its regular trip wholly regardless of her desire to become a rider therein; that while she was certain that at least once before she had ridden with the same driver a year previously and had given him 75 cents at the end of that trip, she was not positive of any other similar trips with him tending to show a custom or practice of riding on the mail trips with the defendants as a passenger for hire. Not only did she fail to show a consideration which

was the "chief motivating cause for the carriage", but failed to show any consideration whatever. This, in our opinion, falls far short of the exacting requirements of the Kansas Guest Statute as construed by the Supreme Court of that state. The conclusion must follow that plaintiff, under her evidence, must be considered as none other than a guest of defendants on the occasion in question, and as such, not having pleaded or proved gross and wanton negligence, she failed to make a case for the jury. Hence the instruction for a directed verdict for defendants was properly given and the judgment thereunder is correct. Judgment affirmed. All concur.