**Faye BROADWATER, Appellant,**

v.

**James P. COLEMAN, Appellee.**

**No. 5062.**

United States Court of Appeals
Tenth Circuit.

June 23, 1955.

Thomas M. Lillard, Topeka, Kan., and Arthur S. Humphrey, Junction City, Kan. (O. B. Eidson, Philip H. Lewis, James W. Porter, Charles S. Fisher, Jr., Sidney C. Hunt, Topeka, Kan., and James V. Humphrey, Junction City, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The plaintiff, widow and sole heir of James Broadwater, brought this action to recover damages for his death. Broadwater was the official Court Reporter for the Eighth Judicial District of the State of Kansas and was killed when an automobile driven by the defendant collided with a concrete abutment. The defendant was the judge of the same district. The complaint does not allege that the defendant was guilty of gross or wanton negligence in the operation of the automobile. There was no genuine issue as to any material fact, and the trial court sustained the defendant's motion for summary judgment. The single question presented by this appeal is whether the deceased was a guest in the car and therefore barred under Kansas law from recovery.

The defendant was appointed judge of the aforesaid district in 1943. The deceased had been the official court reporter for the preceding judge, and he remained in that position when the defendant qualified. The statutes provide that the official court reporter shall be appointed by and hold his office at the pleasure of the district judge.[1] Kan.G. S.1949, § 20–901. It was the duty of the reporter to attend all sessions of the court, and to take full stenographic notes of the evidence and proceedings in the court as directed by the judge. Kan.G.S. 1949, § 20–903. In addition to his salary, the State pays the reporter all his actual

Payne H. Ratner, Jr., Wichita, Kan. (Louise Mattox, Payne H. Ratner, Russell Cranmer, Dale B. Stinson, Jr., Keith Eales, Cliff W. Ratner, William L. Fry, and A. Wayne Murphy, Wichita, Kan., on the brief), for appellant.

1. It is the duty of the supreme court of Kansas to grant certificates of eligibility for the appointment of official reporters of the district courts. No person can be appointed reporter who does not hold a certificate of eligibility. Kan.G.S.1949, §§ 20–912, 20–914.

and necessary expenses, including traveling expenses. Kan.G.S.1949, § 20–906.

In disposing of the official court business of the district, it was necessary for the defendant to travel to different counties where court was held. It was customary on these occasions for the defendant to travel by automobile and for the deceased to ride with him. The defendant received the statutory mileage fees for the use of his automobile from the State of Kansas. He received the same amount regardless of whether he traveled alone or was accompanied by the reporter. The reporter was free to travel to the places where court was held in any manner that he saw fit. The defendant was not obligated to transport the reporter, and could have refused to transport him at any time. The defendant received no benefit from the transportation of the reporter, except that which was incidental to the performance of the reporter's official duties. These benefits were for the court and would have been the same had the reporter traveled other than with the defendant.

 Kan.G.S.1949, § 8–122b provides: "That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence of the operator of such motor vehicle." The statute does not define the word "guest". The common law meaning of the term as used in the Restatement of Torts, Section 490, Comment a, is as follows: "The word 'guest' is used to denote one whom the owner or possessor of a motor car or other vehicle invites or permits to ride with him as a gratuity, that is, without any financial return except such slight benefits as it is customary to extend as part of the ordinary courtesies of the road." Cf. Elliott v. Behner, 146 Kan. 827, 73 P.2d 1116. The Kansas courts have consistently held that every passenger riding in an automobile is presumed to be a guest until it is affirmatively shown that the motivating cause of the transportation was compensation. In re Wright's Estate, 170 Kan. 600, 228 P.2d 911; Leonard v. Maryland Casualty Co., 158 Kan. 263, 146 P.2d 378; Pilcher v. Erny, 155 Kan. 257, 124 P.2d 461, 462.[2] It is not necessary that the payment for the transportation be in money for a passenger to be a guest within the meaning of the statute. Any substantial consideration or benefit moving to the operator or owner of the vehicle will suffice. In re Wright's Estate, supra; Sparks v. Getz, 170 Kan. 287, 225 P.2d 106; Srajer v. Schwartzman, 164 Kan. 241, 188 P.2d 971;[3] Vogrin v. Bigger, 159 Kan. 271, 154 P.2d 111; Pilcher v. Erny, supra. These cases recognize that there is no compensation within the meaning of the statute, where the transportation is for the accommodation, hospitality, or for the mutual entertainment of the parties.

The Kansas statutes create the office of district judge and court reporter. Their duties are prescribed by statute. The judge has no control or right of control over the manner in which the reporter travels to the various counties where court is held. Although the judge has the power to appoint a court reporter and to retain him at his pleasure, the appoint-

---

2. In Pilcher v. Erny it was said:
"At the outset it should be noted that the action was by a passenger in an automobile against the driver of it; there was no allegation that the defendant was guilty of gross and wanton negligence—hence plaintiff in order to recover against defendant had the burden of establishing that she was a passenger for hire. See G.S.1935, 8–122b."

3. In the Srajer Case, the syllabus by the court reads:
"Within the meaning of the guest statute, G.S.1935, 8–122b, 'payment' for the transportation sufficient to preclude classification of the passenger as a 'guest' need not be a payment in money, but it must constitute a benefit or advantage to the owner or operator which is a substantial consideration, motivating and not merely incidental in character."

ment is on behalf of the State to enable the court to perform its functions in the administration of justice. The judge and the reporter are officers of the State, and the relationship of master and servant does not exist between them.

■ The defendant was under no obligation to transport the reporter to the place where he was to perform the official duties imposed upon him by statute. He was transporting the reporter, at the time he met his unfortunate death, without compensation and for the reporter's own convenience and accommodation. The latter, therefore, was a guest within the meaning of the Kansas Statute.

Affirmed.