**Ethel DREHER, Plaintiff-Respondent,**

v.

**Henry SWEIGERT, Defendant-Appellant.**

No. 24545.

Kansas City Court of Appeals.

Missouri.

Dec. 5, 1966.

Fred H. Maughmer, Jr., Savannah, for respondent.

Downs & Pierce, St. Joseph, for appellant.

SPERRY, Commissioner.

This is a suit for damages arising out of a single car collision wherein plaintiff suffered serious injuries. The collision occurred in the state of Kansas and defendant has pleaded and relies on the provisions of the Kansas guest statute, plaintiff having been a non-fare paying passenger in defendant's automobile, which he was operating at the time. Plaintiff submitted her case on her own testimony, that of her doctor, and that of a portion of defendant's testimony taken by deposition. Defendant submitted no evidence. He stood on his motion for a directed verdict. The jury

returned a verdict for plaintiff in the sum of $10,000.00 and costs. From a judgment thereon defendant appeals.

Since defendant presents for consideration on this appeal the single question of whether a submissible case was made under the Kansas guest statute (gross and wanton negligence) it is wholly unnecessary to consider the extent of plaintiff's injuries. In passing, however, we observe that her injuries were very serious. Both legs were broken. Since defendant offered no evidence but insists that plaintiff's evidence fails to establish his liability under the law of Kansas, we must accept the evidence adduced, favorable to plaintiff's right to recover, as true, and we must draw every reasonable inference therefrom which tends to establish her right to recover. Swinney v. Ward, 187 Kan. 746, 360 P.2d 193, 194–195.

When the casualty occurred plaintiff was sixty one years of age, her husband was seventy nine, and defendant was eighty two. Her husband was a brother of defendant's wife. They were making a trip from their homes near St. Joseph, Missouri, to the site of the Tuttle Creek Dam, near Manhattan, Kansas, during the morning hours of a beautiful September day. Prior to the collision the automobile was proceeding at a speed of forty miles per hour. It was in good condition, so far as was known, and had given no mechanical trouble. They were proceeding northward on highway K–13, in Riley County, Kansas, nearing its intersection with Allen Road. The highway was a little upgrade and consisted of four traffic lanes. They were travelling in the right hand lane. Mrs. Sweigert and plaintiff were in the rear seat. When the automobile reached a point about three hundred feet south of Allen Road, Mrs. Sweigert held up her hand and said, here is where we turn. At that time defendant lifted his foot from the accelerator and the speed gradually slowed to twenty five miles per hour. The road was clear of traffic. When the automobile reached a point one hundred fifty feet south of Allen Road, where it was intended to turn right, defendant applied the brakes, began pumping and said, my brakes are out. When it reached Allen Road defendant in executing a right turn, operated it so that it swung wide, to the left. The left front tire struck the south curb of a concrete traffic island on Allen and blew out. The vehicle proceeded diagonally across the island, striking a traffic sign-post, breaking it off, (it came up on top of the car), and proceeded down grade at an accelerated speed, some sixty feet, where it struck a utility pole, fourteen and one half inches in diameter and forty six inches in circumference, pushing it forward four inches. The automobile struck the pole "dead center", doubling the front bumper and grill work back against the motor, as shown by plaintiff's testimony and by a picture of the automobile, plaintiff's exhibit No. 2.

The above are the facts as shown in evidence by plaintiff. She also stated that defendant, later, said that the collision could have been avoided if he had used his good emergency brake. She further stated that he said that he intentionally drove into the pole in order to keep the automobile from going over an embankment. Defendant stated, in his deposition, that he intentionally drove into the pole and hit it dead center. He made no statement that appears in evidence as to why he chose to hit the pole. He offered no evidence, in his deposition or otherwise, in regard to the existence of any dangerous condition which he was attempting to avoid so as to justify his choice of such an heroic measure to bring the vehicle to an abrupt halt.

Section 8–122b, Kansas Statutes Annotated (Official) provides:

"That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator, for injury, death or damage, unless

such injury, death or damage shall have resulted from the gross and wanton negligence of the operator of such motor vehicle".

■ Defendant denies that the above undisputed facts establish gross and wanton negligence under the laws of Kansas. Defendant rightly contends that the construction of the statute is controlled by decisions of the Supreme Court of Kansas. Yarnall v. Gass, 240 Mo.App. 451, 217 S.W.2d 283, 285.

By instruction numbered four the court informed the jury as follows:

"The term 'negligence' as used in these instructions means gross and wanton negligence. It must indicate a realization of the imminence of danger and a reckless disregard and complete indifference and unconcern for the probable consequences of the wrongful act". Defendant does not complain of the giving of that instruction.

Since defendant's automobile, following several occurrences, struck a utility pole, the happening which actually caused plaintiff's injuries, we will not rule as to whether or not defendant was guilty of negligence, or of gross and wanton negligence, when he attempted to turn right on Allen Road with a clear road ahead, upgrade, and knowing that he had no foot brakes. However, after making that disastrous decision, he then intentionally steered the vehicle into a large utility pole, striking it with such force as to move it four inches at the base. There is no substantial evidence which tends to explain or excuse such conduct. Plaintiff stated that defendant told her that he intentionally hit the pole to prevent going over an embankment. There is no evidence tending to prove that there was an embankment within that area; nor is there any evidence regarding traffic conditions on Allen Road. Consequently, defendant's intentional act appears to have been completely unjustified on any theory. The cold fact is that, after having struck a sign-post, he intentionally steered the automobile for a distance of sixty feet, so as to cause it to hit the utility pole dead center.

Defendant cites the Kansas court ruling in Polzar v. Raymond, 189 Kan. 340, 369 P. 2d 373–375, where it was held that defendant was not guilty of gross and wanton negligence under the following facts:

"After traveling approximately one and one-half miles further west on K–16, at about sixty-five to seventy miles per hour, the automobile proceeded down a fairly sharp decline, started up hill, and then encountered a ninety degree turn to the south. At this point, while negotiating the turn and after a tire blew out, the defendant driver lost control of the automobile and it rolled over one and one-quarter times. Plaintiff sustained severe and permanent injuries in the accident".

Defendant in that case knew that the road upon which the accident occurred had sharp curves. All occupants of the car, including plaintiff, also knew this fact and failed to protest the speed.

The court ruled that speed alone was the cause of the accident and that the court had ruled repeatedly that speed alone does not constitute gross and wanton negligence. The facts in the instant case are so different from those shown in the Polzar case that the ruling there has no application to the case at bar.

In the Polzar case the court said, 369 P.2d 377:

" 'Former decisions of this court have interpreted the phrase "gross and wanton negligence," as it appears in G.S.1949, 8–122b, to mean wanton conduct and wanton conduct is something more than ordinary negligence and yet is something less than willful injury. *The act in question must indicate a realization of the imminence of danger and a reckless disregard and complete indifference to the probable consequence of the act'.*" (Emphasis ours). Also see Swinney v. Ward, supra, 360 P.2d 194, syllabus by the court. In Tillman v. Zum-

walt, 363 Mo. 167, 250 S.W.2d 142, 144 (en banc), the court quoted language from In re Estate of Wright, 170 Kan. 600, 607, 228 P.2d 911, 917, as follows:

"A wanton act is something more than ordinary negligence, and yet it is something less than willful injury; to constitute wantonness, the act must indicate realization of the imminence of danger and a reckless disregard and complete indifference and unconcern for the probable consequences of the wrongful act. It might be said to include a willful, purposeful, intentional act, but not necessarily so; *it is sufficient if it indicates a reckless disregard for the rights of others with a total indifference to the consequences, although a catastrophe might be the natural result*". (Emphasis ours).

From the undisputed evidence in this case, the jury could have found that the defendant intentionally drove his automobile into and against a utility pole of such size as to indicate to a person of ordinary intelligence that the resulting collision would be of such force as to almost certainly cause serious injuries to the occupants of the vehicle; the jury could have found that the defendant acted with such reckless disregard for the rights of plaintiff with a total indifference to the consequences, although a catastrophe might be the natural result, as it was in this case.

In discussing his negligence, defendant says that he was not negligent in attempting to turn right at the intersection with Allen Road, at a speed of twenty five miles per hour, with no effective foot brake. We have not rested our decision on that incident. He cites Mount Olivet Baptist Church v. George, 378 S.W.2d (Mo.) 549, 555, which declares that one who in a sudden emergency acts according to his best judgment or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence. We recognize the rule; but it has no application to a case where, as here, defendant chose to drive into a pole at a time when he was not confronted with an especially dangerous condition. There was, as we have said, no evidence that Allen Road carried any traffic other than defendant's vehicle. The contention is rejected.

The judgment is affirmed.

MAUGHMER, C., not sitting.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.