**John G. NEIHARDT, Plaintiff-Appellant,**

v.

**Gilbert E. KNIPMEYER, Defendant-Respondent.**

**No. 24724.**

Kansas City Court of Appeals.

Missouri.

Oct. 2, 1967.

Spencer & Petri, Columbia, for appellant.

Terence C. Porter, Welliver, Porter & Cleaveland, Columbia, for respondent.

SPERRY, Commissioner.

Plaintiff sued defendant for damages which he suffered when he was injured while riding in a passenger automobile being operated by defendant. From a summary judgment in favor of defendant, plaintiff appeals.

Plaintiff pleaded that his injuries were suffered by reason of the negligence of defendant. The collision occurred within the intersection of highways 46 and 19, in the southeast part of the State of South Dakota, near Viborg. Defendant was proceeding north and became confused by reason of the highway markings. He slowed and stopped in order to determine which road to follow, when a car from the east struck his automobile, throwing plaintiff onto the pavement. Defendant paid a fine on a plea of guilty to improper driving.

Defendant pleaded that, " * * * the collision alleged in plaintiff's petition occurred in the State of South Dakota; that the law, statutory and common, of the State of South Dakota governs the rights and liabilities of the parties in this case; that at the time of the alleged collision and at all other times herein relevant there was in force and effect in the State of South Dakota statutory Section 44.0362, South Dakota Code, 1939, commonly known as the 'Guest Statute', which governs the rights and liabilities of the parties in this case; that said statute provides that an operator of a motor vehicle is not liable to a guest passenger for injuries sustained by said guest passenger in a motor vehicle unless said accident was caused by the wilful and wanton misconduct of said operator; that at the time of the alleged collision the plaintiff was a guest passenger in defendant's automobile within the meaning of said South Dakota 'Guest Statute'; that at the time of the alleged collision the defendant's conduct was in no way wilful and wanton and said collision was not caused by any wilful or wanton misconduct on the part of the defendant within the meaning of said South Dakota 'Guest Stat-

ute' and the plaintiff does not so allege; therefore, plaintiff has no cause of action for damages against the defendant".

Section 44.0362, above mentioned provides as follows: "Guest in automobile can recover damages only for wilful and wanton misconduct. No person transported by the owner or operator of a motor vehicle as his guest without compensation for such transportation shall have cause of action for damages against such owner or operator for injury, death, or loss, in case of accident, unless such accident shall have been caused by the wilful and wanton misconduct of the owner or operator of such motor vehicle, and unless such wilful and wanton misconduct contributed to the injury, death, or loss for which the action is brought; and no person so transported shall have such cause of action if he has wilfully or by want of ordinary care brought the injury upon himself".

■ Considering the petition, answer, defendant's motion for summary judgment, plaintiff's counter motion for summary judgment, motion in opposition to defendant's motion for summary judgment, plaintiff's reply to affidavits opposing motion for summary judgment, depositions of plaintiff and defendant, it appears that there is no genuine issue as to any material fact and that a party is entitled to a judgment as a matter of law. The only questions presented are questions of law. Defendant's motion for summary judgment was ripe for decision. Civil Rule 74.04(c), V.A.M.R.; Spradlin's Market, Inc. v. Springfield Newspapers, Inc., 398 S.W.2d 859, 862 (Mo.); Divilbiss, Summary Judgments in Missouri 32 Missouri Law Review, 29, 31. The questions of law involved were (1) whether the Guest Statute of South Dakota governs the disposition of this case, and (2) whether plaintiff was a guest of defendant within the meaning of the South Dakota Statute.

Plaintiff contends that defendant's liability for his negligent conduct, if any, is governed by the law of Missouri, not that of South Dakota. This court applied the Guest Statute of Kansas in Dreher v. Sweigert, 409 S.W.2d 738 (Mo.App.). There, both plaintiff and defendant were citizens and residents of Missouri. Plaintiff, while a passenger in defendant's automobile, was injured while travelling on a Kansas highway. We held that plaintiff was a guest, within the meaning of the Kansas statute, and that defendant was guilty of gross and wanton negligence as defined by the Supreme Court of Kansas, l. c. 740, 741.

In Goodman v. McCulley, 367 S.W.2d 580, 582 (Mo.), both plaintiff and defendant were citizens and residents of Missouri. Plaintiff was injured in an automobile accident occurring in the State of Arkansas, while defendant was operating the vehicle. The case was tried, submitted and ruled on appeal, under the provisions of the Arkansas Guest Statute. Bartlett v. Green, 352 S.W.2d 17 (Mo. en banc.), was an automobile damage suit, tried under and ruled by the provisions of the Kansas Guest Statute. Plaintiff was a citizen of Oklahoma, defendant was a citizen of Missouri, and the casualty occurred in Kansas. O'Leary v. Illinois Terminal R.R. Co., 299 S.W.2d 873, 879 (Mo. en banc.), was a case where plaintiff had suffered personal injuries at a railroad crossing. The question of plaintiff's failure to exercise due care when about to go on a railroad crossing was held to be governed by the law of Illinois.

■ The South Dakota Guest Statute is controlling in this case and we will be governed by the decisions of the South Dakota Supreme Court in applying it. We have been cited to no Missouri decision indicating that tort actions tried in Missouri are not governed by the law of the state where the tort occurred. However, Missouri procedure is followed.

The remaining question is whether plaintiff was a guest of defendant, within the meaning of the statute, at the time the collision occurred. The facts are not in dispute. That determination will be made

according to the decisions of the Supreme Court of South Dakota.

The plaintiff and defendant were friends for many years. They were widely recognized authorities in their respective fields. They had mutual intellectual and social interests which drew them together. They had mutual friends and mutual interests in their study of American History and Western Americana. They planned a trip to South Dakota and to the Hudson's Bay country of Canada. The general plans therefor were made in Columbia, Missouri, at the home of plaintiff. Plaintiff testified to the effect that he had certain professional duties to perform in Nebraska (lectures) and that they agreed that afterward, defendant should meet plaintiff at the Blackstone Hotel, in Omaha, Nebraska, from which place they would begin their trip. At the time the original plans were being made Dr. Neihardt said that he stated to defendant that he would bear his half of the general expenses and that defendant said: "Oh, no, no, I wouldn't have that"; that plaintiff thought the matter would be settled later but that the accident occurred before anything was agreed upon; that each party paid for his own lodging and meals; that defendant drove; that he was a good safe driver; that plaintiff did not notice any improper acts by defendant in connection with the operation of the automobile; that, as the car entered the intersection where the collision occurred, plaintiff saw a car coming at a "good" speed, from the right, at a distance of about one hundred fifty feet; that, as it approached, witness thought the driver might be trying to stop; that the car swerved and came straight into the right rear of the Knipmeyer vehicle; that plaintiff was thrown to the pavement and lost consciousness; that he was taken to the hospital at Viborg, South Dakota, where he remained and was treated for six days; that he was then taken to the home of a friend, at Vermillion, South Dakota, where he spent six days in bed; that he really did not know what happened in the intersection; that he had not paid anything to defendant for his transportation but that he intended to do so.

In 10 A.L.R.2d 1351, Sec. 5, par. 1360, it is said: "The courts appear to be agreed that the mere companionship of the occupant of an automobile, or the pleasure derived from his company, is not 'payment' sufficient to change the occupant's status from guest to passenger". The author cites Schiltz v. Picton, 66 S.D. 301, 282 N.W. 519, at page 520, where the court said: "However, a mere incidental or gratuitous contribution to expenses will not constitute 'payment' within an automobile guest statute entitling the occupant of an automobile to the exercise of ordinary care for his safety".

In Peterson v. Snell, 80 S.D. 496, 127 N.W.2d 142, at page 144 (1964), the Supreme Court of South Dakota said: "The nature of the benefit one must confer on a driver in order to become a passenger was further fully considered in Scotvold v. Scotvold, 68 S.D. 53, 298 N.W. 266 in which the court said [that] it must be *'sufficiently real, tangible, and substantial to serve as the inducing cause of the transportation, and to operate to completely overshadow any considerations of mere hospitality growing out of friendship or relationship'*. This rule has been consistently followed and applied in numerous subsequent cases. See Peters v. Hoisington, 72 S.D. 542, 37 N.W.2d 410; Antonen v. Swanson, 74 S.D. 1, 48 N.W.2d 161, 28 A.L.R.2d 1; Gunderson v. Sopiwnik, 75 S.D. 402, 66 N.W.2d 510; Tennyson v. Kern, 76 S.D. 136, 74 N.W.2d 316; Kleinhesselink v. Porterfield, 76 S.D. 577, 83 N.W.2d 191; and Cluts v. Peterson, S.D., 113 N.W.2d 273. Therefore, the mere fact a rider and a driver of a motor vehicle have a common interest or purpose in making a trip is not alone sufficient benefit to the driver to constitute payment of compensation under our guest statute". (Emphasis ours).

Under the settled law of South Dakota, and under the undisputed facts

in this case, plaintiff was a guest of defendant as a matter of law. Since plaintiff does not contend that the collision which caused his injuries was "caused by the wilful and wanton misconduct of the owner or operator" of the motor vehicle, the trial court properly rendered summary judgment against plaintiff.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

All concur.