# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2022

Lyle W. Cayce
Clerk

No. 22-20195
Summary Calendar

Paul Semien,

*Plaintiff—Appellant*,

*versus*

The Burlington Insurance Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-1509

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant, Paul Semien ("Semien"), appeals the district court's dismissal of his breach of contract claim for defense and indemnity against Appellee-Defendant, the Burlington Insurance Company ("Burlington"). For the reasons set forth below, we AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-20195

# I. BACKGROUND

This insurance coverage dispute arises from a June 22, 2019 incident that occurred at a gas station-convenience store owned by T&T Global Enterprises, Inc. ("T&T").  Semien, a customer at the store, became embroiled in a dispute with the store's clerk, Tam Truong, over Semien's entitlement to store credits based on awards that he won from the store's video poker machines.  The dispute escalated when Truong left his post behind a glass-enclosed counter and hit Semien on the head with a metal pole, causing Semien severe injuries.  Semien filed suit against T&T and Truong in Texas state court (the "Underlying Lawsuit"), asserting a negligence claim against T&T and an assault claim against both Truong and his employer, T&T, under a theory of *respondeat superior*.

At the time of the incident, T&T had a general commercial liability insurance policy issued by Burlington (the "Policy").  As relevant here, "Coverage D" of the Policy provides for coverage up to $100,000 for assault and battery.  But, Coverage D also excludes coverage when the assault or battery is "committed by any insured or agent of any insured."  The Policy defines "insured" to include T&T's employees, but "only for acts within the scope of their employment by [T&T] or while performing duties related to the conduct of [T&T's] business."

Citing the Policy's assault and battery exclusion, Burlington denied that it had a duty to defend or indemnify T&T and Truong in the Underlying Lawsuit.  Semien subsequently entered into a settlement agreement with T&T and Truong.  As part of the settlement agreement, they assigned Semien "all rights they have jointly or separately to pursue claims and remedies under [their] insurance contract with The Burlington Company."

Semien thereafter filed the instant breach of contract action against Burlington, alleging that Burlington had "failed to defend and indemnify its

2

No. 22-20195

insured for Semien's claims." Burlington moved to dismiss Semien's complaint, arguing that the complaint failed to state a claim on which relief can be granted in light of the assault and battery exclusion. The district court granted the motion and entered a final judgment for Burlington. Plaintiff timely appealed.

## II. DISCUSSION

This Court reviews a district court's ruling on a motion to dismiss *de novo*.[1] Additionally, whether an insurer has a duty to defend its insured in an underlying lawsuit is a question of law that this Court reviews *de novo*.[2]

The parties agree that Texas law governs this diversity case. Under Texas law, an insurer's duty to defend "arises when a third party sues the insured on allegations that, if taken as true, potentially state a cause of action within the terms of the policy."[3] But, if "the petition *only* alleges facts excluded by the policy, . . . the insurer is not required to defend."[4] When determining whether an insurer has a duty to defend its insured against a third-party lawsuit, Texas courts generally follow the "eight-corners rule."[5] Under this rule, courts determine whether an insurer has a duty to defend its insured by looking at the facts alleged within the four corners of "the latest

[1] *Wampler v. Sw. Bell Tel. Co.*, 597 F.3d 741, 744 (5th Cir. 2010).

[2] *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004).

[3] *St. Paul Guardian Ins. Co. v. Centrum GS Ltd.*, 283 F.3d 709, 713 (5th Cir. 2002) (quoting *Hous. Petroleum Co. v. Highlands Ins. Co.*, 830 S.W.2d 153, 155 (Tex. App.—Houston [1st Dist.] 1990, writ denied)).

[4] *Id.* (citing *Fid. & Guar. Ins. Underwriters, Inc. v. McManus*, 663 S.W.2d 787, 788 (Tex. 1982)).

[5] *Liberty Mut. Ins. Co. v. Graham*, 473 F.3d 596, 599 (5th Cir. 2006).

amended pleading upon which the insurer based its refusal to defend the action,"[6] and the language within the four corners of the relevant insurance policy.[7]

Under the eight-corners rule, the Court's inquiry into Burlington's duty to defend is limited to the Policy and Semien's most recent pleading against T&T and Truong upon which Burlington based its refusal to defend.[8] As noted above, the Policy excludes coverage for assault or battery committed by an insured and defines "insured" to include T&T employees "for acts within the scope of their employment."[9] In Semien's petition in the Underlying Lawsuit, he alleged that: (1) "Defendant T&T Global Enterprises Inc. employed Defendant Tam Truong;" (2) "During the course of [Truong's] employment [he] acted negligently, intentionally and/or knowingly when he exited a safe and secure location behind a safe glass and committed an assault against an invitee Paul Semien while in the store;" and (3) "At the time of the incident in question, Defendant Truong was working in the course and scope of [his] employment with Defendant T&T Global Enterprises Inc." Given that Semien's allegations in the underlying litigation make clear that Truong was acting in the course of his employment, the

---

[6] *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co.*, 99 F.3d 695, 701 (5th Cir. 1996).

[7] *Lyda Sinerton Builders, Inc. v. Okla. Sur. Co.*, 903 F.3d 435, 446 (5th Cir. 2018) (quoting *Ewing Constr. Co. v. Amerisure Ins. Co.*, 420 S.W.2d 30, 33 (Tex. 2014)).

[8] *Canutillo*, 99 F.3d at 701.

[9] T&T employees qualify as "an insured" under the Policy if they are performing "acts within the scope of their employment by [T&T] *or* while performing duties related to the conduct of [T&T's] business." Because Truong had to satisfy only one of the two definitions of insured, the Court does not address whether he met the second definition. *See Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1141 (2018) (noting that "or" is "almost always disjunctive" (quoting *United States v. Woods*, 571 U.S. 31, 45 (2013))).

district court correctly held that the Policy excludes coverage for Semien's claims.

In sum, a reading of the underlying pleading negates plaintiff's contention that Truong was outside the scope of his employment at the time of the assault, and therefore was not an "insured" or "agent of an insured" under the Policy. This is true even reading the pleading liberally in favor of insurance coverage. Thus, contrary to Semien's assertion, Burlington did not have a duty to defend the insured in the Underlying Lawsuit.

## III. CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED.