[No. 31198. *En Banc.* July 5, 1950.]

A. T. BATEMAN, *as Administrator, Appellant,* v. HUBERT URSICH *et al., Respondents.*

SAMUEL B. MORTON, *Appellant,* v. HUBERT URSICH *et al., Respondents.*[1]

*Brethorst, Holman, Fowler & Dewar,* for appellants.

*Hereford T. Fitch* and *Metzler & McCormick,* for respondents.

DONWORTH, J.—These two cases, consolidated by order of the trial court, were instituted to recover damages for wrongful death in one case, and to recover damages for

[1]Reported in 220 P. (2d) 314.

personal injuries in the other case, arising out of the same automobile accident. A. T. Bateman, as administrator of the estate of Robert G. Diaz, deceased, was plaintiff in the first action, representing the deceased's widow and infant child, and Samuel B. Morton was plaintiff in the other action. Hubert Ursich and Marie Ursich, his wife, were defendants in both actions. Demurrers to plaintiffs' amended complaints were sustained by the trial court on the ground that they each failed to state a cause of action and, plaintiffs having elected to stand upon their respective complaints, the trial court entered judgment of dismissal of the actions. Plaintiffs have appealed and assign as error the sustaining of the demurrers.

The factual situation, as disclosed by the amended complaints and admitted by the demurrers, is that, on the evening of December 24, 1946, the deceased and appellant Morton were standing near the east side of the Pacific highway, a public highway in the state of Washington, which is also known as South Tacoma way, a public street in Tacoma. Respondent Hubert Ursich (who will be referred to as the respondent) was driving a certain truck in a northerly direction on the highway. Upon solicitation of transportation by the deceased and appellant Morton, respondent halted the truck immediately opposite them on the highway and offered to give the pair transportation. Thereupon, they entered respondent's truck.

The accident, which is the basis of these actions, is described in the amended complaints as follows:

"That upon the entry of the deceased and his companion into said truck the defendant Herbert Ursich commenced to and did give transportation to the deceased and his said companion by putting said truck in motion. That said defendant immediately accelerated said truck to a high and manifestly dangerous rate of speed, to wit, approximately 60 miles per hour; that before said truck had traveled more than a half mile from the point where the deceased and his companion entered the same, the said defendant, driving said truck at a high and unlawful rate of speed from one side of said highway to the other and being at the time intoxicated, carelessly, negligently and unlawfully drove

said truck off said highway and into and against a steel and concrete guard pole which was located in the 3800 block on the said highway along the east side thereof. That as a result of the collision and impact the deceased was instantly killed and his companion was gravely injured."

The amended complaints contain no allegation that respondent received any payment for this transportation, nor any allegation that the accident which occurred was intentional upon the part of the respondent, nor any allegation that the truck was being demonstrated to a prospective purchaser.

It is apparent that the judgment of the trial court was based upon Rem. Rev. Stat., Vol. 7A, § 6360-121 [P.P.C. § 295-95], commonly known as the "host-guest" statute. This statute reads as follows:

"No person transported by the owner or operator of a motor vehicle as an invited guest or licensee, without payment for such transportation, shall have cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator: *Provided*, That this section shall not relieve any owner or operator of a motor vehicle from liability while the same is being demonstrated to a prospective purchaser."

This statute has been considered by this court in a number of decisions, the most recent being *Akins v. Hemphill*, 33 Wn. (2d) 735, 207 P. (2d) 195. Under the interpretation of this statute adopted by this court in the *Akins* case, and other decisions cited therein, the nature of the relationship between the operator of a motor vehicle and a rider therein is to be determined as of the time of the beginning of the transportation. If the rider is a guest within the meaning of this statute, his status remains unchanged throughout the journey.

Appellants argue that respondent's act in giving transportation to them was unlawful because of the provisions of Rem. Rev. Stat., Vol. 7A, § 6360-100 [P.P.C. § 295-51], sometimes referred to as the anti-hitchhiking law. This section reads:

"It shall be unlawful for any person upon any public highway of this state to solicit by word or sign or by any other means for himself or for another or for his baggage or for the baggage of another any transportation on vehicles being operated upon such public highways. It shall be unlawful for any person operating any vehicle upon any public highway of this state to offer or give to any such person or other person aforesaid transportation upon any such solicitation. The provisions of this section shall not be construed to prevent any person upon any public highway from soliciting, or any person operating a vehicle upon such public highway from granting or giving transportation where an emergency actually exists, nor shall this section be construed to prevent any person from signaling or requesting transportation from a passenger carrier for the purpose of becoming a passenger thereon for hire."

Appellants assert that respondent's act in picking up and giving transportation to decedent and appellant Morton, being in direct violation of the statute above quoted, deprives respondent of the protection of the host-guest statute because the operator may not create the relationship of host and guest by his own unlawful act. Neither appellants nor respondents have referred us to any case in which this precise question has been presented for decision and our independent research has disclosed none.

Appellants, in support of their argument, rely on *Upchurch v. Hubbard,* 29 Wn. (2d) 559, 188 P. (2d) 82, and contend that it is conclusive of the proposition that decedent and appellant Morton were not guests or licensees within the host-guest statute. It is, therefore, necessary to analyze that decision to determine its bearing upon the case at bar.

In the *Upchurch* case, the defendant, a postal employee, was driving a mail truck in Spokane. He permitted plaintiffs' decedent, a boy of eight, to ride upon the running board of the truck in violation of Rem. Rev. Stat., Vol. 7A, § 6360-115 [P.P.C. § 295-81] (with which the defendant was familiar), which made it unlawful for any person to transport another person upon the running board of any vehicle. This statute did not provide that the person so riding on the running board was guilty of any unlawful act. The boy

fell from the vehicle while in motion and this court sustained a judgment entered upon the verdict of the jury in favor of plaintiffs.

In holding that the host-guest statute was inapplicable, we stated:

"As appears by the cases hereinabove cited, the purpose of that statute was to prevent collusive action between host and guest, committed with the intent to defraud casualty insurance companies; it was not the purpose of the statute to promote fraud or injustice by permitting one to claim immunity from liability for his negligence on the ground that he occupied a relationship which was exempt from liability, when that very alleged relationship was created by his own unlawful act. We believe that the legislature meant, and that the statute should be construed to mean, that to exempt the owner or operator of a motor vehicle from liability for the injury to, or the death of, a person transported by him, the relationship alleged to exist between the owner or operator and the person transported must be a lawful one, or at least not an unlawful one, nor one dependent for its creation upon some unlawful act of the owner or operator himself. To hold otherwise would make the statute an instrument of gravest injustice, operating not as a shield but as a sword.

"The same thought and the same conclusion may be expressed in a little different way. A 'license,' moving from licensor to licensee, is the conference of a right to do some act which without such authorization would be illegal, or would be a trespass or a tort. Black's Law Dictionary (3d ed.) 1110. For appellant in this case to be a licensor, and the boy to be a licensee, it was necessary for appellant to authorize the boy to ride upon the running board of the truck. A statute and an ordinance, however, forbade such method of transportation. Consequently, appellant could not lawfully authorize the boy to ride upon the running board, and therefore appellant could not be a licensor, nor the boy a licensee, within the meaning of those terms as used in the host and guest statute. In other words, appellant by his own unlawful act put himself without the pale of the protection afforded by the statute which he seeks to invoke."

The *Upchurch* case, *supra*, while in many respects similar, is distinguishable from the present case. As has been previously pointed out, the statute which the defendant

in the *Upchurch* case violated made it unlawful only for the operator of the vehicle to transport a passenger upon the running board but did not make it unlawful for a passenger to ride upon the running board. In the instant case, the statute violated (Rem. Rev. Stat., Vol 7A, § 6360-100) is one which not only makes it unlawful to give transportation as the result of solicitation, but also makes it unlawful to solicit transportation upon the highway as well. Here the unlawful acts of decedent and appellant Morton induced respondent's unlawful act.

A further distinction between the two cases is that in the *Upchurch* case, the decedent was an eight-year old boy who was too young to be responsible for acts which might otherwise have constituted contributory negligence. Even if the statute involved (Rem. Rev. Stat., Vol. 7A, § 6360-115) had made it unlawful to ride on the running board of the car, it may well be doubted whether the boy's violation of the statute would have barred a recovery. In the present case, two adults were soliciting transportation in direct violation of the above-quoted statute, and their unlawful acts were the inducing cause of respondent's unlawful act in giving them transportation.

In the *Upchurch* case, we declined to hold that the defendant could create the relationship of licensor and licensee between himself and an eight-year old boy under the host-guest statute because the host's unlawful act (in permitting the boy to ride on the running board) put him "without the pale of the protection afforded by the statute." In the case at bar, the application of the host-guest statute cannot be avoided upon the ground that respondent was engaged in an unlawful act in giving transportation to decedent and appellant Morton in response to their solicitation because it was only as a result of their own illegal conduct in soliciting such a ride that respondent acted.

While his conduct in the present case was unlawful, respondent would not have violated any law if he had offered decedent and appellant Morton transportation *without* their prior solicitation. By responding to their unlawful importunities, he should not be held to have put him-

self without the pale of the protection afforded by the host-guest statute. Their own unlawful conduct was the originating cause of their illegal transportation and the fact that respondent was wrong in permitting himself to be influenced by their actions in violation of the anti-hitchhiking statute should not prevent the creation of the host-guest relationship between them. To hold otherwise would be to ignore the legal consequences of the unlawful acts of decedent and appellant Morton.

Appellants refer to the Arkansas case of *Tilghman v. Rightor,* 211 Ark. 229, 199 S. W. (2d) 943 (which was discussed in the *Upchurch* case), and call our attention to the fact that in that case the children solicited the ride which resulted in the death of one of them, a seven-year old boy. However, in that case it does not appear that there was any statute in effect in the state of Arkansas forbidding the giving of transportation in response to the solicitation of a ride in a motor vehicle. Therefore, that case is not in point with respect to our present problem. It was there held that the Arkansas host-guest statute was applicable in the case of minors and a recovery was accordingly denied.

Respondent cites several of our decisions involving facts entirely dissimilar from the case at bar in support of his contention that the parties to this action are *in pari delicto* (both being violators of the anti-hitchhiking statute) and that the court will therefore leave the parties where it finds them. We do not find it necessary to discuss this argument further than to say that we do not consider the doctrine of *pari delicto* applicable in this case.

The legislature, in enacting the host-guest statute, saw fit to specify only three exceptions to its operation: (1) where the transportation is given in consideration of payment by the person transported; (2) where the accident shall have been intentional on the part of the owner or operator of the vehicle; and (3) where the vehicle shall at the time be in the process of being demonstrated to a prospective purchaser.

Under these circumstances, we have no authority to make an additional exception to those enumerated in the

statute. If it is considered desirable that an additional exception be made in the case of hitchhikers, that is a problem for the legislature. Under the statute as enacted we are constrained to hold that hitchhikers, by violating Rem. Rev. Stat., Vol. 7A, § 6360-100, cannot acquire any legal advantage over persons lawfully invited by the driver to ride in a motor vehicle.

The trial court correctly sustained the demurrers to the amended complaints and its judgment dismissing these actions is affirmed.

SIMPSON, C. J., BEALS, ROBINSON, MALLERY, and HAMLEY, JJ., concur.

SCHWELLENBACH, J. (dissenting)—Respondent relies upon the "host-guest" statute. Whether we consider the relationship to be that of host-guest, or licensor and licensee, that relationship arose by reason of a violation of the anti-hitchhiking statute. The relationship was dependent for its creation upon an unlawful act of the respondent himself. He, therefore, as stated in the *Upchurch* case, "by his own unlawful act put himself without the pale of the protection afforded by the statute which he seeks to invoke."

GRADY, J. (concurring in the result)—I concur in the result reached by the majority, but am not in accord with the view that a violation of the penal statute referred to prevents the formation of the relationship of host and guest or licensor and licensee. The case of *Upchurch v. Hubbard*, 29 Wn. (2d) 559, 188 P. (2d) 82, is authority for such viewpoint, but I think the reasoning upon which it is founded is illogical. The same result would be reached by holding that the boy who was injured was not of such an age as to be a competent party to the formation of the licensor-licensee relationship. Rem. Rev. Stat., Vol. 7A, § 6360-100, has no relationship to § 6360-121. It deals with a different subject and has entirely different objectives. It is designed to prevent difficulties arising out of motorists giving strangers transportation, often resulting in the commission of crime, and the traffic hazards created by stopping on highways to pick up pedestrians. Like many protective

statutes, it is honored more by its breach than its observance. I do not see how a statute with such objectives can have anything to do with the formation of the host-guest or licensee relationship. When a person upon a public highway solicits a ride he has violated the statute, and when the motorist either offers a ride to such person, or accepts the solicitation, he has also violated the statute. In either case the statute is violated before the relationship of host-guest or licensor-licensee is created. The acts are almost simultaneous. One is a preliminary step towards the other. I am unable to see how nonliability for subsequent injury can in any way be affected.

The judgment should be affirmed upon the ground that the allegations of the complaint bring the decedent and appellant Morton within Rem. Rev. Stat., Vol. 7A, § 6360-121.

HILL, J. (concurring in the result)—I concur in the result because a violation of the anti-hitchhiking statute does not prevent the formation of a host-guest or licensor-licensee relationship. The result in *Upchurch v. Hubbard,* 29 Wn. (2d) 559, 188 P. (2d) 82, was correct; but I am now persuaded that the boy in that case was neither a guest nor a licensee, but a trespasser, and that Hubbard became liable for his death only because the boy's youth placed a duty on Hubbard to prevent his trespassing.