Richard Wallace LINES, Appellant,

v.

Dix TEACHENOR, Jr., Respondent.

No. 44118.

Supreme Court of Missouri.

Division No. 2.

Dec. 13, 1954.

M. Raymond Dillon, Kansas City, Kan., Haskell Imes, Terrance W. Imes, Kansas City, for appellant.

Douglas Stripp, Melvin J. Spencer, Kansas City (Watson Ess, Marshall & Enggas, Kansas City, of counsel), for respondent.

CAVE, Judge.

This is a suit for personal injuries allegedly sustained by plaintiff while riding in an automobile with defendant. The court sustained defendant's motion to dismiss the amended petition for failure to state a claim upon which relief could be granted. Plaintiff appeals. For clarity, we shall refer to the parties as plaintiff and defendant. The amount involved is $15,000, giving this court jurisdiction.

The collision occurred, and the cause of action, if any, arose, in Kansas. The ultimate question presented is whether the petition alleges facts fixing plaintiff's status as a *guest* or a *passenger*. It is conceded that if plaintiff was a *guest*, then the petition did not state a cause of action, because there is no allegation that defendant was guilty of "gross and wanton negligence" in the operation of his automobile, as required by the Kansas guest statute; Section 8–122b G.S.1949. The material part of the statute is as follows: "* * * no person who is transported by the owner or operator of a motor vehicle, *as his guest, without payment for such transportation,* shall have a cause of action for damages against such owner or operator for injury, death or damage, unless such injury, death or damage shall have resulted from the *gross and wanton negligence* of the operator of such motor vehicle." (Italics supplied.)

The petition alleges that plaintiff and defendant were residents of Jackson County, Missouri; "* * * that the defendant prior to and at the time of the collision hereafter referred to customarily and regularly made frequent trips to Leavenworth, Kansas for the purpose of locating likely prospects to whom to sell insurance, particularly to members of the Armed Services of the United States; that among several methods that defendant had devised to use pursuant to said business plan was one to offer a likely prospect, particularly members of the Armed Services of the United States, a ride, and then prevail upon him, or them, to purchase an insurance policy, and that on or about February 19, 1953, about 9:00 p. m., defendant accosted plaintiff, a serviceman, and invited and persuaded him to enter his automobile; that at the time defendant did so he had an ulterior motive which consisted of a preconceived plan to pick up a likely prospect, and by persuasion and reasoning prevail upon him to purchase an insurance policy; that at the time defendant offered plaintiff a ride he had an eye to his own profit and benefit, and said eye to profit was the motivating factor for said offer; that pursuant to said offer plaintiff did then and there

enter defendant's motor vehicle,. and thereafter the defendant did then and there proceed by persuasion and reasoning to attempt to sell plaintiff an insurance policy or did then and there proceed to recite a previously memorized sales talk; that at said time and place said motor vehicle hereafter referred to was being driven, and controlled and operated by defendant in a southerly direction on said U. S. Highway No. 73, as aforesaid, and when about a half mile north of the town of Wallula, Kansas, the defendant herein negligently and carelessly drove his motor vehicle into and upon an automobile that was then and there traveling in a northerly direction on said U. S. Highway No. 73, seriously and permanently injuring plaintiff as hereinafter more particularly set out." The petition then alleges certain grounds of ordinary negligence and the injuries received by the plaintiff as a result thereof.

■ The case having been determined by the trial court solely on the question of the sufficiency of the petition, all well pleaded facts and issues are to be taken as true for the purpose of this appeal.

■ The real question presented is confined within narrow limits. It is whether the allegations of the petition are tantamount to an assertion that defendant *received payment*: for the transportation he furnished plaintiff. The Kansas' courts uniformly hold that "payment for transportation within the meaning of the guest statute precludes classifying a person riding in the automobile as a guest. Payment, however, need not be in money but may consist of some substantial benefit conferred on the owner or operator of the vehicle. It is sufficient to constitute payment if some substantial consideration moves to the owner or operator of the vehicle." Sparks v. Getz, 170 Kan. 287, 289, 225 P.2d 106, 109. See Wendel v. Shaw, 361 Mo. 416, 235 S.W.2d 266; Elliott v. Behner, 146 Kan. 827, 73 P.2d 1116. Cases are legion on this question in the various states which have adopted what is generally called a "guest statute." The question has arisen under such a varied set of facts that it would be difficult, if not impossible, to discuss and harmonize all the cases on the subject. We shall largely confine our discussion to a consideration of the Kansas decisions which have construed that state's guest statute.

■ The effect of the allegations of the petition is that the defendant was an insurance agent; that at the time he invited plaintiff to enter his automobile, the *defendant* had a secret and ulterior motive, that is, the hope of selling plaintiff an insurance policy from which the defendant would profit; that the *plaintiff* had no knowledge of such motive, but merely entered defendant's automobile at the friendly invitation of the defendant and with no thought of paying defendant anything, directly or indirectly, or buying an insurance policy; that they were strangers and, of course, had never discussed an insurance policy or any other business matter. Consequently, would the secret hope and ulterior motive of the *defendant,* that he might profit by inviting the plaintiff into his automobile, constitute "some substantial consideration" moving "to the owner or operator of the vehicle"?

We believe this question is settled by the opinion in Vogrin v. Bigger, 159 Kan. 271, 154 P.2d 111, 112. In that case the agent of defendant, a real estate broker, telephoned plaintiff and asked him if he would mind taking a ride in the country. Plaintiff agreed. Before the two left in defendant's car, defendant urged them to "be sure that you make that farm deal before you get back." After they had travelled some distance, defendant's agent then explained why he had asked plaintiff to go along. Plaintiff was asked to pretend that he was also interested in buying the farm so that the prospective purchaser would promptly decide to buy. Plaintiff agreed to do the best he could, but before they arrived at the farm, the accident occurred. The suit was brought on the theory that plaintiff was a *paying passenger* from the time he agreed to assist in the sale of the farm, if not before. The court held that defendant's demurrer to the evidence should have been sustained, even though plaintiff's evi-

dence proved that defendant's agent, in his own mind, had asked plaintiff to go along for the purpose of posing as a potential purchaser of the farm. The court said that "the evidence * * * clearly discloses that when the automobile trip started * * the plaintiff was a guest, there being no arrangement of any kind for his paying for his transportation." The court further held that plaintiff's status did not change during the course of the trip to that of a person being transported for consideration, after the agent informed plaintiff of the purpose in taking him along; the court saying, 159 Kan. 275, 154 P.2d 113, "* * under his evidence he did not continue on the trip by reason of his agreement to perform any service for Rankin or his alleged principal, but that he was a passenger in the car merely on account of defendant, Rankin's extending the hospitality of a ride to him." A careful reading of this case leads to the conclusion that plaintiff's evidence established that the secret purpose of defendant's agent, at the time he offered plaintiff a ride, was to enlist plaintiff's help in selling the farm; that such secret purpose was insufficient to make plaintiff a passenger for hire; and that the fact the plaintiff was informed of that secret purpose during the trip, did not transform plaintiff into a passenger, even though he agreed to assist defendant's agent in such sale. See also Pilcher v. Erny, 155 Kan. 257, 124 P.2d 461; In re Wright's Estate, 170 Kan. 600, 228 P.2d 911.

The general rule is that the status of a rider is determined at the outset of the trip. Bateman v. Ursich, 36 Wash.2d 729, 220 P.2d 314, 315, 18 A.L.R.2d 1440; Taylor v. Taug, 17 Wash.2d 533, 136 P.2d 176, 179. The authorities also clearly indicate that there must be a mutual understanding, reasonably clear to both the rider and the driver before the trip is undertaken, that the rider's relationship to the driver is that of a *passenger* and not a *guest*. Riggs v. Roberts, 74 Idaho 473, 264 P.2d 698, 701; Hasbrook v. Wingate, 152 Ohio St. 50, 87 N.E.2d 87, 10 A.L.R.2d 1342; Albert McGann Securities Co. v. Coen, 114 Ind.App. 60, 48 N.E.2d 58, 1000. In the Hasbrook case the court said, 87 N.E.2d 91: "There must be some mutual intention on the part of both the rider in and the driver of the motor vehicle to create the status of 'passenger' before it can come into being, and this mutual intention must have its consummation before and not after an accident to the rider."

In his brief plaintiff contends that the rule is, "where the carriage is primarily for the attainment of some objective or purpose of the driver, the passenger is not a guest within the meaning of the statute." In support of that narrow statement of the rule, plaintiff cites many cases, some of which are: Arkansas Valley Co-op. Rural Electric Co. v. Elkins, 200 Ark. 883, 141 S.W.2d 538; Pilcher v. Erny, supra; Sparks v. Getz, supra; LeClair v. Hubert, 152 Kan. 706, 107 P.2d 703; Piercy v. Zeiss, 8 Cal. App. 595, 47 P.2d 818, 819. A careful reading of those cases discloses that in each instance the plaintiff or invitee knew, at least something, of the purpose or reason for his presence in the vehicle. The motivating purpose for the carriage was mutually understood. In the instant case, there is no allegation, or intimation, that the plaintiff had any knowledge of defendant's "ulterior motive" when the invitation was extended to enter the automobile.

Plaintiff claims that the Piercy case, supra, is almost directly in point. We think the facts in that case clearly point up the distinction we are making. The defendant was an insurance agent, and on several occasions had attempted to sell plaintiff an insurance policy; at the time she entered his automobile, she told him that she was not ready to make the purchase, but "wanted to get some information concerning the same, and that she intended to take out a policy within a short time and as soon as she could; that he said he would be glad at least of having the opportunity of going over it with her and that he wanted to give her the information anyway; that she replied she was interested and would like to have the information; * * * that she did not feel that his taking her home was an accommodation to her after he

said he would like to have the opportunity of explaining and giving information concerning the policies; and that during the ride the appellant talked to her about insurance and told her he had his books and folders with him and that when they arrived at her home he would show her the form sheet regarding the rates." It is apparent that, wholly unlike the present case, the expressed intention of both parties was fully revealed before the trip began and the passenger, as an interested prospective purchaser, accepted the ride for the purpose of permitting defendant to present his sales talk.

Other cases cited by plaintiff involve the demonstration of an automobile to a prospective purchaser, or the sale of real estate, or some previously discussed question of service or benefit to defendant. We need not lengthen this opinion by analyzing the many other cases cited.

The judgment is affirmed.

LEEDY, Acting P. J., ELLISON, J., and ANDERSON, Special Judge, concur.