THOMAS J. HESSLER, appellant, v. DENNIS FORD and DELBERT FORD, appellees.

No. 51146.

(Reported in 125 N.W.2d 132)

Appeal from Carroll District Court—R. K. BRANNON, Judge.

DECEMBER 10, 1963.

James Furey and M. R. Tan Creti, both of Carroll, for appellant.

Edward S. White and Robert S. Bruner, both of Carroll, for appellees.

STUART, J.—I. Plaintiff sustained personal injuries when he fell from a tractor driven by defendant, Dennis Ford, and owned by defendant, Delbert Ford. He brought an action for damages based upon negligence. The trial court sustained a motion for directed verdict on the ground that plaintiff had failed to sustain his burden of proving that he was riding upon the tractor in some relationship to defendants other than as a guest. This is the sole question before us on this appeal.

Section 321.494 of the Code of Iowa provides:

"Guest statute. The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating

liquor or because of the reckless operation by him of such motor vehicle."

We have been called upon to apply this section to many different factual situations, the most recent cases being: Winter v. Moore, 255 Iowa 1, 121 N.W.2d 82; McCrady v. Sino, 254 Iowa 856, 118 N.W.2d 592; Bodaken v. Logan, 254 Iowa 230, 117 N.W.2d 470; Nielsen v. Kohlstedt, 254 Iowa 470, 117 N.W.2d 900. The statements of the principles of law have been consistent since Knutson v. Lurie, 217 Iowa 192, 251 N.W. 147.

■■ "One who rides in an automobile 'for the definite and tangible benefit of the owner or operator' or 'for the mutual, definite, and tangible benefit of the owner or operator on one hand, and of himself on the other' is not a guest within the meaning of section 321.494 and he may recover for negligence of the driver. One who claims this statute is not applicable has the burden to prove his status was other than a guest. Ritter v. Dexter, 250 Iowa 830, 833, 95 N.W.2d 280, 281." Winter v. Moore, 255 Iowa 1, 9, 121 N.W.2d 82, 86.

In Nielsen v. Kohlstedt, supra, we quote with approval from 60 C. J. S., Motor Vehicles, section 399(5), pages 1014, 1015:

" 'The mere fact that both parties have a common interest and purpose in the trip is not sufficient to render the benefit derived compensation; neither is it sufficient that it is contemplated that some indirect benefit will accrue to the operator of the automobile, to which the carriage will have in some degree contributed collaterally or by way of inducement. The benefit derived must be material and tangible, and must flow from, and depend on, the transportation provided, although it is sufficient if the benefit comes not from the passenger himself but from a third person; the motive or provocation for the invitation must be more than the social one of reciprocal hospitality or pleasure, and the transportation must be in furtherance of something in the nature of a business or commercial interest. * * *

" 'The intention of the parties in entering on the undertaking is a prime consideration in resolving the question of benefits and the direction in which they flow, as well as their character and significance.' "

The evidence in this case must be viewed in the light most favorable to plaintiff. Plaintiff was engaged in the business of shelling corn. He had contracted with Delbert Ford to shell and deliver his corn for four cents a bushel and was engaged in this operation on the morning of October 27, 1959. They had expected to complete the shelling on the Ford farm before noon and move to another farm, but one picker broke down and they were not finished as the noon hour approached.

"Delbert came in with his picker and he said that he was going to see if he could find another picker to help out in the afternoon so he could get done, and he says, 'Will you fellows go up to dinner; it's all ready up there,' and Tom [plaintiff] asked him, 'How are we going?' He says, 'Dennis is going on the tractor,' and he says, 'Get right on there and go with him.'"

Plaintiff and one of his drivers rode on the drawbar. His injuries were incurred while they were on the highway going to dinner at the farmhouse of Delbert Ford.

We are unable to find evidence of any tangible benefits flowing to either of the defendants from plaintiff's presence on the tractor. As was the custom, plaintiff was invited to eat dinner with the Ford family, he was offered a ride to the house on the tractor. The meal was not part of the contract price which was the same whether the meals were furnished or not. His truck was available to take him to the house, if he so desired. Plaintiff suggests the dinner afforded a natural setting in which to discuss the progress of the morning, the difficulties attendant upon the breakdown and what might be done to speed up the operation. There is no evidence that a conference was to be held nor was there even a hint that it was necessary or would be helpful to the defendants that such a conference take place. Delbert Ford merely told them dinner was ready and they might as well ride up on the tractor.

Plaintiff testified: "It would save time to go to the Ford house to eat, rather than go to town or some other place. That is the reason why it is the custom to go to dinner at the farmhouse when we are shelling." Nothing indicates any urgency on defendant's part. The advantage would seem to be to plaintiff who had another customer waiting for him when this job was

finished. At most it would be an indirect benefit to defendants. Certainly not the direct, definite and tangible benefit required by the authorities.

We see no material distinction between the instant case and Nielsen v. Kohlstedt, 254 Iowa 470, 117 N.W.2d 900, in which we held an employee who was transported to the job by a fellow employee was a guest as a matter of law, as any benefit to the defendant was only incidental. The facts in this case would not justify a jury in finding plaintiff was a passenger for hire and not a guest.

II. Plaintiff makes an impassioned argument against the guest statute. We will answer him in the words of the trial court. "Regardless of the legislative objects, good or bad, the so-called Guest Statute does appear in nearly all State Codes today. This is something that can only be corrected by the legislature." The legislature at least is in a position to do something about it. We are not.

III. Plaintiff also argues that the guest statute does not apply to tractors. The statute refers to "motor vehicles", which are defined as "* * * every vehicle which is self-propelled but not including vehicles known as trackless trolleys which are propelled by electric power obtained from overhead trolley wires, but not operated upon rails. The terms 'car' or 'automobile' shall be synonymous with the term 'motor vehicle'." Section 321.1(2)

Farm tractors by definition are motor vehicles. " 'Farm tractor' means every motor vehicle designed and used primarily as a farm implement for drawing plows, mowing machines, and other implements of husbandry." Section 321.1(7) There is no merit in this argument.

IV. Plaintiff also urges that riding in the automobile for the mutual benefit of plaintiff and a third person excepts plaintiff from guest statute. This is contrary to the frequently repeated statement that there must be a definite tangible benefit to the owner or operator. Cases cited by appellee are not in point. The parties in Hansen v. Nelson, 240 Iowa 1298, 39 N.W.2d 292, were mutually engaged in performing their duties for a common employer  Neither was the guest of the other. In

Thuente v. Hart Motors, 234 Iowa 1294, 1303, 15 N.W.2d 622, the parties were participating in a scrap collection drive. We said: "The purpose of each was to aid the defense of his country. The trip was advantageous to each in the accomplishment of their mutual enterprise." There is no sound basis for exempting the plaintiff from the guest statute because he and someone else might benefit from his host's invitation.

The trial court was correct in sustaining. defendant's motion for directed verdict and this case is therefore affirmed.—Affirmed.

All JUSTICES concur.