In re Estate of Ray C. Ronfeldt, deceased.

Arlene Irlbeck, administrator of estate of Orville Irlbeck, deceased, appellee, v. Shirley Ronfeldt, executor of estate of Ray C. Ronfeldt, deceased, appellant.

No. 52611.

(Reported in 152 N.W.2d 837)

SEPTEMBER 19, 1967.

Ross, Johnson, Stuart, Tinley & Peters, of Council Bluffs, and Fred Louis, Jr., of Harlan, for appellant.

David Green, of Carroll, for appellee.

MASON, J.—This is a negligence action brought by administrator to recover for the death of her decedent, Orville Irlbeck, as a result of an accident which occurred when he was riding in a truck owned and being operated by defendant's decedent, Ray C. Ronfeldt. Trial to a Shelby County jury resulted in a favorable verdict for administrator. After overruling defendant's motions for judgment notwithstanding the

verdict and in the alternative for new trial, judgment was entered against defendant on the verdict. Defendant appeals.

The issues on appeal relate to the status of plaintiff's decedent as a passenger in the truck at the time of the accident, the court's instruction on that issue, rulings on evidence and excessiveness of the verdict.

Where appropriate, plaintiff's decedent will be herein referred to as plaintiff and defendant's decedent as defendant.

I. The accident from which this action arose occurred about 1:30 p.m. January 8, 1964, on a county road near Exira, Audubon County, when defendant's truck left the road and went into a ditch. Plaintiff and defendant were killed.

The parties were returning to Irwin from Adair where defendant had gone to pick up a supply of water pipe. Plaintiff, 31 at the time of his death, and defendant both lived in Irwin. Plaintiff and his family had moved from a farm to Irwin in 1962 and lived there until his death. During that time, he worked as a laborer on tiling crews, on bridge construction and part time for defendant whose business was drilling wells and installing pipe in farm and city wells.

On January 8 a Mr. Schwenneker, the operator of a wholesale plumbing and heating business in Adair, called defendant to advise him that his order of pipe had arrived. After receiving this call, defendant had a conversation with his wife, called a friend, Dean Henry, and asked if he wanted to ride along to keep him company. Henry was unable to make the trip. Defendant then went to plaintiff's house and asked Mrs. Irlbeck to see her husband. Plaintiff was still in bed, but after his wife called, got up, put on his work clothes and went out to talk to defendant. Defendant told plaintiff that he was going to Adair for pipe and asked, "You want to ride down there with me? If you do, I will buy your dinner." Plaintiff replied, "I ain't working today, so I might as well." After talking to defendant plaintiff returned to his house and shortly thereafter left with defendant.

Defendant had ordered a quantity of 1-inch steel water pipe. It comes in 21-foot lengths, banded five lengths to a bundle, weighing approximately 176 pounds. The banding at each end causes the pipe to lose some flexibility. The pipe

had been delivered to the wholesaler by truck at a point a few blocks from the wholesaler's place of business. The total shipment weighed approximately 7200 pounds and was transferred by sliding the bundles from that truck to defendant's. The wholesaler, one or two of his employees, the other truck driver, plaintiff and defendant all helped load the pipe onto defendant's truck.

After the truck was loaded defendant drove to the wholesaler's place of business, picked up a box of fittings and started toward Exira, a distance of 20 miles. Defendant was proceeding in a westerly direction on a county highway, down a rather long hill, not too severe a grade but with a fairly good descent, to a bridge at the bottom. Defendant's truck went off the south side of the road and was found on the south side of the bridge, tipped over in the ditch about two miles west of Exira.

II. The administrator alleged in her amended claim filed in decedent's estate that plaintiff was accompanying defendant for the tangible benefit of defendant, plaintiff and defendant were engaged in hauling pipe for the mutual and tangible benefit of both and defendant was negligent in the operation of his truck. Defendant in answer denied these allegations and asserted plaintiff was riding as a guest and at his invitation.

In motions for directed verdict made at the close of plaintiff's evidence and renewed at the close of all evidence, defendant asserted plaintiff had failed to establish by any competent proof plaintiff's decedent was engaged in any operation for the mutual and tangible benefit of both at the time of the accident or that plaintiff's decedent had accompanied defendant's decedent for the owner and operator's tangible benefit.

The trial court withdrew the allegation of tangible and mutual benefit, overruled defendant's motion in other respects and submitted to the jury the issue as to plaintiff's status as an occupant of the truck. This ruling, in effect, held it was for the jury to decide whether plaintiff was accompanying defendant for the definite and tangible benefit of the owner or operator of the truck. Failure to have his vehicle under control was the only specification of negligence submitted.

Defendant asserted in her motion for judgment notwithstanding the verdict that she was entitled to a directed verdict

at the close of all evidence, had moved therefor, and the jury did not return such a verdict. In the motion for a new trial defendant again asserted the court had erred in overruling her motion for directed verdict.

Defendant asserts the trial court erred in (1) overruling her motion for directed verdict and for judgment notwithstanding the verdict, (2) refusing to give her requested instruction 1 and overruling objections to court's instruction 4, (3) permitting the introduction of opinion testimony over defendant's objection and (4) failing to grant a new trial because of excessiveness of the verdict.

III. Under her first assignment of error defendant argues plaintiff's failure to establish her decedent was other than a guest while riding in Ronfeldt's truck barred recovery for ordinary negligence under the guest statute.

Code section 321.494 provides:

"Guest statute. The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

No contention is made that Ronfeldt was under the influence of intoxicating liquor when the accident happened, no recovery is sought under the statute on that basis.

In Knutson v. Lurie, 217 Iowa 192, 195-197, 251 N.W. 147, 149, we held the occupant of an automobile driven by another is neither a guest nor mere invitee when he is riding therein (1) when performing his duties as a servant of the owner or operator of the car; or (2) for the definite and tangible benefit of the owner or operator; or (3) for the mutual, definite and tangible benefit of the owner or operator on the one hand, and of the occupant on the other. It has been cited many times upon this proposition. Thuente v. Hart Motors, 234 Iowa 1294, 1302, 15 N.W.2d 622, 627; Stenberg v. Buckley, 245 Iowa 622, 630, 631, 61 N.W.2d 452, 456, 457, and citations; McBride v. Dexter, 250 Iowa 7, 9, 92 N.W.2d 443, 444; Murray v. Lang, 252 Iowa 260, 267, 106 N.W.2d 643, 647.; Nielsen v.

Kohlstedt, 254 Iowa 470, 474, 117 N.W.2d 900, 903. This enumeration is not exclusive, and setting it out is not meant to so indicate. Powers v. Hatcher, 257 Iowa 833, 836, 135 N.W.2d 114, 116.

That case recognizes a fourth category, i.e., where the relationship between operator and passenger is that of co-employees in furtherance of their employment in transportation as directed by their employer, they are not guest and host.

One who rides in a motor vehicle for the definite and tangible benefit of the owner or operator is not a guest within the meaning of the guest statute and recovery for injuries suffered by such rider may be based on the negligence of the operator. Morrow v. Redd, 257 Iowa 151, 131 N.W.2d 761, 763, and citations.

Of course, one who claims the guest statute is not applicable has the burden to prove his status was other than a guest. Vipond v. Jergensen, 260 Iowa 646, 659, 148 N.W.2d 598, 606. Not only does plaintiff have the burden to establish his status, the action being predicated upon negligence of the operator or owner, but there is a presumption, rebuttable, that he was a guest within the meaning of section 321.494. Murray v. Lang, 252 Iowa 260, 266, 267, 106 N.W.2d 643, 647; Delay v. Kudart, 256 Iowa 523, 525, 128 N.W.2d 201, 202.

When benefits are to be considered, we have said such benefits to the operator or owner as are incidental to hospitality, social relations, companionship or the like are not definite and tangible benefits as are contemplated by the rule. Nielsen v. Kohlstedt, supra; Powers v. Hatcher, supra, 257 Iowa at 837.

It is true the benefit to be received by the owner or operator need not be the only purpose or sole motivating factor in furnishing transportation, it need only be a substantial factor. Delay v. Kudart, supra, 256 Iowa at 528, 128 N.W.2d at 204.

With reference to the benefit required, in Ritter v. Dexter, infra, 250 Iowa at 836, 95 N.W.2d at 283, we quoted from McUne v. Fuqua, 42 Wash.2d 65, 253 P.2d 632, 636. There it is stated:

"This requirement does not mean that the *taking of the trip* must be motivated by the expectation of receiving the benefit.

It need only be shown that the *furnishing of transportation to the passenger* was motivated by such expectation. Nor does it mean that the expectation of receiving the benefit must be the sole motivating factor in furnishing transportation to the passenger. It is sufficient, we believe, if such expectation is shown to be a substantial factor."

"Whether a person riding with another was a passenger or a guest is to be determined on the basis of the answer to the factual question: Did the rider confer a benefit on the driver for the ride? * * * Once the trier of fact has determined the fact of benefit, the province of the reviewing court is simply to examine the record to determine whether this factual finding is substantially supported." Ritter v. Dexter, 250 Iowa 830, 835, 836, 95 N.W.2d 280, 283, quoting from Martinez v. Southern Pacific Co., 45 Cal.2d 244, 250, 288 P.2d 868, 871. In making this inquiry we view the evidence in the light most favorable to plaintiff. Amended rule 344(f)(2), Rules of Civil Procedure.

In determining whether plaintiff has carried the burden of proving his status as other than a guest it is important to ascertain, if possible, what it was that primarily motivated the undertaking. The intention of the parties in entering on it, their relationship and all circumstances surrounding the transaction are material. Livingston v. Schreckengost, 255 Iowa 1102, 1105, 125 N.W.2d 126, 128, and citations.

The motivation must be examined in connection with the purpose of plaintiff's presence in the vehicle at the time the trip commences, McUne v. Fuqua, supra; Bateman v. Ursich, 36 Wash.2d 729, 220 P.2d 314, 315, 18 A.L.R.2d 1440; 8 Am. Jur.2d, Automobiles and Highway Traffic, section 476. Under the issue submitted, tangible benefit to the owner or operator, the object of the trip is an important circumstance for consideration in determining purpose of plaintiff's presence.

That the primary purpose of the trip was for defendant's benefit and in furtherance of something in the nature of a business or commercial interest rather than social is without dispute. As stated, defendant was in the well drilling business, water pipe was needed in connection with its operation, pipe was available but had to be transported from Adair to Irwin in his truck. Defendant instigated the trip to accomplish this.

There were 40 bundles, each 21 feet long and weighing 176 pounds. These had to be reloaded to defendant's truck. Defendant's wife testified that previous to the accident defendant had gone after pipe frequently, "maybe three times a month." It would appear he was acquainted with the work involved in loading and reloading pipe.

After receiving the wholesaler's telephone call and the conversation with his wife, defendant made the telephone call to Henry, his former employee during the winter months, who had made previous trips with him for pipe. Henry testified the trips he made with defendant were primarily for companionship although he had helped defendant on those occasions. In describing his relationship with defendant Henry said, "I would help this man do anything. He would help me do anything. I would help Ray load the iron on a trip to Omaha. I wasn't going to stand around like a dummy and let him do all the work. I am not that lazy that I couldn't help somebody."

When Henry was unable to go defendant went to plaintiff's house. After being called by his wife, plaintiff dressed in a flannel shirt, blue jeans, hooded sweat shirt, coveralls, work shoes and heavy stockings which she described as "his work clothes." It was then he left the house and had the conversation with defendant. Defendant's father testified he had heard his son asking plaintiff to accompany him to Adair, and detailed this conversation. Defendant contends the nature of the invitation can only be classified as a social one motivated by defendant's desire for companionship during the trip.

Mr. Schwenneker, the wholesaler, testified:

"I was present when this pipe was being transferred from the company truck onto Mr. Ronfeldt's truck. I assisted with it. I observed Mr. Ronfeldt and Mr. Irlbeck working. They were just sliding the pipe from one truck onto another. As far as I know Mr. Irlbeck was helping them. We were all helping. * * * There were five or six of us there. We were all there on one truck or the other and we were doing all these things." This testimony and the invitation constitute the only direct evidence surrounding the transaction.

However, plaintiff may rely upon circumstantial evidence to aid in carrying his burden, but the evidence must be

such as to make plaintiff's theory reasonably probable, not merely possible, and more probable than any other theory based on such evidence. Generally, it will be for the jury or other trier of the facts to say whether the circumstantial evidence meets this test. Rule 344(f)(16), R.C.P.

There are circumstances upon which plaintiff could rely for this purpose. Although no contention is made plaintiff was a servant or employee of Ronfeldt at the time of the accident, however, he had worked for Ronfeldt whenever the latter had any well digging or shopwork and was planning to work for him in the spring. Plaintiff also had been to Adair after pipe on occasion before the accident. As a former employee it would be fair to assume Ronfeldt was aware of plaintiff's capacity to work.

There is also the fact that with approximately 7200 pounds of steel pipe to be handled and defendant's appreciation of the task, he first called Henry who had always been a willing helper on previous trips for pipe. When he was unable to go this particular day, defendant called another former employee experienced in handling pipe who expected to be reemployed by defendant in the spring and suggested that if he would ride along defendant would buy his dinner. Plaintiff had not asked to be taken to Adair. He was not going on a pleasure trip.

It is not for us to say whether the evidence proves that the expectation of receiving a benefit in the way of assistance in reloading the pipe at Adair was a factor motivating defendant in the furnishing of transportation to plaintiff, but whether the foregoing facts and circumstances make a sufficient showing so that the trial court was warranted in submitting the question to the jury and the jury in the exercise of its function as the trier of the fact was justified in finding such expectation was a substantial factor in furnishing the transportation.

If the expectation of receiving a benefit in the way of assistance in reloading the pipe was a substantial factor motivating defendant in furnishing the transportation to plaintiff and the desire to have company on the trips to Adair and back was incidental, the guest statute would not apply. If a primary motivation was the desire to have company and the as-

sistance in reloading the pipe was incidental and not a substantial factor, the guest-host relationship would still exist.

We cannot say under this record the arrangement was purely social and the assistance in reloading incidental, as a matter of law, which we would be required to do to sustain defendant under this assignment. Livingston v. Schreckengost, supra, 255 Iowa at 1108, 125 N.W.2d at 129.

We conclude that there is substantial evidence from which a jury might reasonably draw an inference that defendant's motivation in furnishing plaintiff transportation was the expectation of a benefit to defendant. The jury could properly find that the attainment of some objective or purpose of the operator was a substantial factor for plaintiff's carriage. Bodaken v. Logan, 254 Iowa 230, 233, 117 N.W.2d 470, 472. Citing 4 Blashfield, Cyclopedia of Automobile Law and Practice, Perm. Ed., section 2292, now 5 Blashfield Automobile Law and Practice, Third Ed., section 212.13.

The status situation of plaintiff's decedent should be submitted to the jury, as it was in the instant case.

IV. In his second assignment of error defendant complains of the trial court's refusal to give his requested instruction one and overruling his objections to instruction four.

Plaintiff contends defendant took no proper and timely objection as required by rule 196, R.C.P., to the refusal of his requested instruction and the giving of instruction four. We agree objection was not taken to the refusal of the request in the manner required by rule 196, which provides that all objections to giving or failing to give any instruction must be made specifying the matter objected to and on what grounds. No other grounds or objections shall be asserted thereafter, or considered on appeal. We are satisfied, however, defendant's objection to the giving of instruction four was a sufficient compliance with the rule. In view of the reference in the objection to the language of the request, it may properly be considered in passing on the challenged part of instruction four.

Both the requested instruction and instruction four as given were obviously designed to guide the jury in determining the vital question whether plaintiff was a guest in defendant's

vehicle at the time of the tragedy, a question we have just held was for the jury.

The requested instruction contained this:

"A passenger in the car of another person is a guest if he is in the car because of hospitality, companionship, or society without making any return therefor or conferring any benefit on the driver other than the mere pleasure of his company. He is still regarded as a guest even though he may voluntarily render assistance to the driver at some time during the trip."

Instruction four as given concludes: "* * * if you find * * * defendant's decedent received a definite benefit therefrom (i.e., plaintiff's ride in the truck) more than social hospitality or companionship which directly related to defendant's decedent's business or his purpose of the trip then plaintiff's decedent was not a guest * * * and his right of recovery cannot be denied on this account."

Defendant's objection to instruction four includes: "Defendant objects to instruction four * * * for the reasons that it does not incorporate the law contained in defendant's requested instructions as set out in Powers· v. Hatcher [257 Iowa 833], 135 N.W.2d 114, * * * particularly with respect to the principle that plaintiff's decedent was a guest notwithstanding the fact that at some time during his trip * * * he may have voluntarily rendered assistance to defendant's decedent, and because such instruction does not properly instruct with respect to the matter of companionship, hospitality and society as set out in defendant's requested instructions and the case herein referred to; instruction four permits the jury to find that any conduct or act of plaintiff's decedent, whether voluntarily performed or not, would transform his status from that of a guest to a passenger * * * ." .

The concluding statement quoted supra from instruction four would permit a finding that even though the only substantial motivation for plaintiff's presence in the ·truck ·was companionship rather than to confer a definite and tangible benefit upon defendant, and hence plaintiff was a guest, his status as such would be changed by voluntarily performing some act of definite benefit to defendant which related to the latter's business or the purpose of the trip.

We do not think the motivation for a rider's presence in the vehicle can be thus changed. His rendering assistance to the operator, like helping change a flat tire or drive, would not affect the intention of the parties in furnishing the transportation. No authority to support such a proposition has come to our attention. The authorities are to the contrary and support defendant's objection to the instruction.

8 Am. Jur.2d, Automobiles and Highway Traffic, supra, states: "The relationship of host and guest is determined as of the time of the beginning of the transportation; if at that time a rider is a guest within the meaning of the guest statute, his status ordinarily remains unchanged throughout the journey." Cited as supporting this rule is Bateman v. Ursich, supra. At page 315 of 220 P.2d, the court stated: "The nature of the relationship between the operator of a motor vehicle and a rider therein is to be determined as of the time of the beginning of the transportation."

In Lines v. Teachenor (Mo.), 273 S.W.2d 300, 303, it is stated that generally the status of a rider is determined at the outset of the trip. In 5 Blashfield Automobile Law and Practice, Third Ed., section 212.17, the author states: "The nature of the relationship [guest host] has been held determinable as of the beginning of the ride, * * * " citing cases.

In Hessler v. Ford, 255 Iowa 1055, 1057, 125 N.W.2d 132, 133, 98 A.L.R.2d 539, we said: " ' "The intention of the parties *in entering on* the undertaking is a prime consideration in resolving the question of benefits and the direction in which they flow, as well as their character and significance." ' " (Emphasis supplied.) Citing Nielsen v. Kohlstedt, supra, 254 Iowa at 475, 117 N.W.2d at 903.

As stated in Division III, supra, it is always important to ascertain, if possible, what it was that primarily motivated the undertaking. Nielsen v. Kohlstedt, supra, 254 Iowa at 476, 117 N.W.2d at 904; Livingston v. Schreckengost, supra, 255 Iowa at 1105, 125 N.W.2d at 128; Zwanziger v. Chicago & N.W.Ry. Co., 259 Iowa 14, 20, 141 N.W.2d 568, 571, 572.

Livingston v. Schreckengost definitely supports the conclusion herein reached. See also Delay v. Kudart, supra, 256 Iowa at 528, 128 N.W.2d at 204, holding there must be some

evidence the benefit to be received by the owner or operator must be a substantial motivating factor in furnishing the transportation, and Cappellano v. Pane, 178 Neb. 493, 134 N.W.2d 76, 80–82, applying the Iowa guest statute to an accident in this state.

60 C.J.S., Motor Vehicles, section 399(5)b, states: " * * * the mere fact that a rider actually assists in the driving does not make him a passenger rather than a guest where such assistance was not made a condition of the transportation."

The jury should have been informed of the bearing motivation had upon the status of the rider and that motivation should be determined as of the time the trip commenced. Failure to do so was prejudicial error.

V. Since the case must be retried other assigned errors should be considered.

■■■ Defendant complains in his third assignment of the trial court's rulings on his objections to opinion testimony.

William Springer, a member of the highway patrol, who investigated the accident in which the parties were killed was called as plaintiff's witness. In a hypothetical question, the witness was asked if he had "an opinion as to how this accident occurred or how this vehicle and its occupants were injured." Defendant's objection asserted that the question assumed facts not in evidence, was not a proper hypothetical question, called for an unwarranted conclusion and opinion of the witness, invaded the province of the jury and was a matter not a subject for expert testimony. The objection being overruled, the witness testified as to the length of the truck box, the overhang of the pipe as related to the rear axle and in his opinion this would cause the truck to be heavy in the rear and very light in the front, the wheels would lose contact with the ground and the driver would be unable to control the truck with that type of load distributed as it was on this vehicle. The vehicle then, the driver unable to control it, went off the road, hit the bridge abutment and went into the ditch.

Plaintiff's witness, Jack Hilsabeck, Audubon County sheriff, was asked in a hypothetical question if he had an opinion as to the cause of the truck going off the road. Over defendant's objection that this was an improper hypothetical

question, leading, assumed facts not in evidence, invaded the province of the jury and was incompetent, immaterial and irrelevant, the witness was permitted to testify that in his opinion the pipe as loaded would tend to make the front end of the truck light and at times raise the front wheels off the ground, making it difficult or impossible to guide. The witness also expressed the opinion that when a vehicle goes off the road the driver does not have control of it.

Defendant's objection was general. It is not sufficiently specific. It is the duty of counsel to point out the particular defect or defects in such a question so the statements objected to may be corrected or eliminated. In re Estate of Telsrow, 237 Iowa 672, 681, 22 N.W.2d 792, 798, and citations. Crozier v. Lenox Mutual Insurance Association, 252 Iowa 1176, 1183, 110 N.W.2d 403, 407. We have also said that counsel who objects to a hypothetical question on the ground that it contains statements not shown in the record should advise the court in what respect it fails to state the record properly and may not rely upon a general objection. Kunzman v. Cherokee Silo Co., 253 Iowa 885, 893, 114 N.W.2d 534, 539, 95 A.L.R.2d 673. Reversible error may not be predicated upon an objection which does not tell the court the ground upon which it is based. Ferris v. Riley, 251 Iowa 400, 408, 101 N.W. 2d 176, 182, and citations. See Daniels v. Bloomquist, 258 Iowa 301, 309, 310, 138 N.W.2d 868, 873, 874; Englund v. Younker Brothers, Inc., 259 Iowa 48, 142 N.W.2d 530, 533.

"[T]he objection that the question invades the province of the jury is generally not available in Iowa, since the decision in Grismore v. Consolidated Products Co., 232 Iowa 328, 348–362 inclusive, 5 N.W.2d 646, 656–663 inclusive." State v. Hodge, 252 Iowa 449, 460, 105 N.W.2d 613, 619.

Defendant's contention under this assignment cannot be sustained as to the foregoing grounds. In Henneman v. McCalla, 260 Iowa 60, 78, 148 N.W.2d 447, 458, we quoted the following from Grismore v. Consolidated Products Co., supra:

"It is true generally that an opinion is not to be received upon an ultimate issue of fact if the jury is itself equally qualified to pass upon such an issue. McKeever v. Batcheler, 219 Iowa 93, 97, 257 N.W. 567; Danner v. Walters, 154 Neb.

506, 48 N.W.2d 635. However, considerable leeway is allowed in this field of evidence for the reason that no matter how the opinion question is phrased or formulated, it remains an opinion which the jury is at liberty to reject. Therefore, only in clear cases of abuse would an admission of such evidence be found prejudicial. Such does not appear in the case before us." This quotation is followed in Henneman v. McCalla, supra, with further citations.

Defendant's second contention under this assignment is without merit.

VI. Defendant asserts in his fourth assignment the verdict was so excessive as to entitle defendant to a new trial, it was unconscionable, unwarranted by the evidence and the amount failed to administer justice under the record. He does not maintain that passion and prejudice intruded but argues the verdict is not sustained by the evidence.

Passion, prejudice or undue influence is not the only ground upon which we interfere with the verdict by reason of its amount. We will also interfere with the verdict because of its size, where it is lacking in evidential support although there may be no passion or prejudice. Mazur v. Grantham, 255 Iowa 1292, 1303, 125 N.W.2d 807, 813, 814; Allen v. Lindeman, 259 Iowa 1384, 1399, 148 N.W.2d 610, 620 (special concurring opinion).

Henneman v. McCalla, 260 Iowa 60, 80, 148 N.W.2d 447, 459, accurately states the rule to which we are firmly committed:

"We will not alter a verdict unless it is (1) flagrantly excessive or inadequate; or (2) so out of reason as to shock the conscience or sense of justice; or (3) raises a presumption it is the result of passion, prejudice or other ulterior motive; or (4) is lacking in evidential support."

"It seems fundamental the most important of these is support in the evidence. If the verdict has support in the evidence the others will hardly arise, if it lacks support they may all arise. The real question in most cases, and here, is the amount and sufficiency of evidence to support the award made." Mazur v. Grantham, supra.

The fair and reasonable value of the funeral expenses was $1202.99. Deducting from the amount of the award interest on the reasonable funeral expense for such time as it was prematurely incurred, not to exceed the cost as an allowable item the verdict awarded for the present value of damages to the decedent's estate would be $34,797.01.

Orville Irlbeck's life expectancy at the time of his death was 40.34 years. He had finished tenth grade and attended barber college. He was in good health, a devoted father and husband, a willing and energetic worker.

At the time of his marriage in 1959 he had no assets. Later he farmed for two years in Carroll County. At the end of the first year he was $20,000 in debt. This had been reduced to $12,000 in March of 1962 when he moved from the farm and completely paid off in October. According to his income tax returns, plaintiff's income after deductions for 1962 was $4118; and for 1963, $3574.43. The total income on a joint return with his wife on the 1964 return was $822. There is evidence from which a jury could find that at the time of his death decedent had assets between $9000 and $10,000.

The record fairly discloses that from March 1961 to October 1962 plaintiff had accumulated sufficient assets to pay off an indebtedness of $20,000, support his wife and three children and still accumulate approximately $10,000.

The verdict does not come within any of the four categories specified in Henneman v. McCalla, supra, and we would not interfere by altering it or granting a new trial.

The error pointed out in Division IV necessitates a new trial.—Reversed and remanded.

All JUSTICES concur except LeGRAND, J., who takes no part, and SNELL and BECKER, JJ., who dissent.

SNELL, J.—I respectfully dissent. I agree with the principles of law appearing in the majority opinion. I agree that a rider's status is not changed from that of a guest by voluntarily performing some act of benefit to the driver during the trip. Motivation for the trip should be determined as of the time the trip was commenced. I agree that in the interest of clarity an instruction such as required by the last paragraph in Division

IV should be recommended. I do not agree that the court's instructions were so lacking in this particular as to mislead the jury.

In Division III the majority concludes, "that there is substantial evidence from which a jury might reasonably draw an inference that defendant's motivation in furnishing plaintiff transportation was the expectation of a benefit to defendant." I agree with that conclusion. The issue was submitted to the jury in exactly that form. The first matter the jury was required to find was: "1. That the plaintiff's decedent was not riding in said vehicle as a guest of the defendant's decedent but was a passenger therein *under such circumstances as to render or furnish a tangible benefit to the defendant's decedent, Ray C. Ronfeldt.*" (Emphasis supplied.)

Instruction No. 4 as given includes these words: " * * * the burden of proof is upon the plaintiff in this case to show that her decedent, Orville Irlbeck, was a passenger in the defendant's decedent's motor truck *for the definite benefit or advantage to said Ray C. Ronfeldt. * * * if you find that the plaintiff's decedent's presence as a passenger therein was for the definite or tangible benefit or advantage of the defendant's decedent,* then you should consider the question of the defendant's decedent's negligence." (Emphasis supplied.)

The only issue as to the rider's status submitted to the jury was whether he was there for the benefit of defendant's decedent. Under the issue as submitted, the evidence and the instructions read as a whole, the only basis upon which the jury could have based a verdict was a conclusion that the majority in Division III says has support. I do not think the jury was misled. I would affirm.

BECKER, J., joins in this dissent.