John E. Hancock, Individually and as Administrator of the Estate of Margaret Sue Hancock, Deceased, Plaintiff-Appellant, v. Michael Pluth and James Miller, Defendants-Appellees.

Gen. No. 68–73.

Third District.

September 17, 1969.

Kroesch and Davis and L. Park Davis, of Joliet, and Robert G. Johnston, of Chicago, for appellant.

Robson, Masters, Ryan, Brumund & Belom, and John J. McGarry, of Joliet (Sidney Z. Karasik, of Chicago, for appellees.

RYAN, J.

This is an appeal for an order granting the defendants' motion for summary judgment.

John E. Hancock and his wife, Margaret Sue Hancock, were riding on a hayrack pulled by a farm tractor owned by the defendant, Michael Pluth, and operated by the defendant, James Miller, on the night of September 4, 1966. The occasion was a hayride for which no payment was made. During the course of the ride the tractor

pulled off the travelled portion of the road onto the shoulder. As it pulled back onto the travelled portion of the highway the Hancocks and another couple were thrown from, or fell off the hayrack. As a result, John E. Hancock was injured and his wife, Margaret Sue Hancock, was killed. In this action, the plaintiff, John E. Hancock, individually and as Administrator of the estate of Margaret Sue Hancock, deceased, seeks to recover for the personal injuries he sustained and for the wrongful death of his wife. The counts of the Complaint under which the plaintiff seeks to recover charge the defendants with negligence. The trial court in granting the defendant's motion for summary judgment ruled that the farm tractor pulling the hayrack was a motor vehicle within the meaning of the Illinois Guest Statute which provides:

> "No person riding in or upon a motor vehicle . . . as a guest without payment . . . shall have a cause of action for damages against the driver or operator of such motor vehicle . . . or its owner . . . for injury, death or loss in case of accident unless such accident shall have been caused by the willful and wanton misconduct of the driver or operator of such motor vehicle . . . or its owner . . . ." Ill Rev Stats 1965, c 95½, § 9–201, 1965.

The sole question presented to this court on review is whether or not the farm tractor-hayrack unit as it was being used at the time of the accident in question constituted a "motor vehicle" within the meaning of the above-quoted provisions of the statute. We think that the unit did constitute a motor vehicle within the meaning of the statute and that the trial court properly entered an order granting the defendants' motion for summary judgment.

The plaintiff contends that the tractor and the hayrack involved in this incident were both implements of husbandry, were not designed for the purpose of carrying

433

passengers or freight and therefore, were not motor vehicles. We do not agree with this contention. In both the Illinois Motor Vehicle Law (Ill Rev Stats 1965, c 95½, § 1–101 et seq.) and the Uniform Act Regulating Traffic on Highways (Ill Rev Stats 1965, § 99 et seq.), we find definitions of the words "vehicle, motor vehicle and farm tractor" and in section 1–124 of the Illinois Motor Vehicle Law is contained a definition of "implement of husbandry." From an examination of these definitions we conclude that the terms "vehicle" and "motor vehicle" as used by the legislature in these acts are generic in nature. They include within their scope the specific categories of farm tractors, trailers and implements of husbandry.

A farm tractor is defined in the Uniform Act Regulating Traffic on Highways (c 95½, § 100(b)) as "every motor vehicle designed and used primarily as a farm implement . . ." whereas in the Illinois Motor Vehicle Law (c 95½, § 1–117) a farm tractor is defined as "every implement of husbandry designed and used primarily to move and operate other implements of husbandry." The same act at section 1–124 defines implement of husbandry as "every vehicle designed and adapted exclusively for agriculture, horticulture or livestock raising operations." At section 1–133 of the same act, a motor vehicle is defined as "every vehicle which is propelled otherwise than by muscular power . . . ." Thus, the legislature in both the Illinois Motor Vehicle Law and in the Uniform Act Regulating Traffic on Highways has defined the term "motor vehicle" in such a manner as to include a farm tractor. As a further indication of this legislative intent the Illinois Drivers' License Act (Ill Rev Stats 1965, c 95½, § 6–101) provides that no person shall drive a "motor vehicle" upon a highway without a valid operator's or chauffeur's permit or license. Section 6–102 of the Act then specifically exempts from this requirement a person "operating a farm tractor between the home farm buildings and any adjacent or nearby farm

land for the exclusive purpose of conducting farming operations." If the legislature had not intended that the term "motor vehicle" include "farm tractor" there would have been no reason for this exception.

Similarly, Ill Rev Stats 1965, c 95½, § 3–101 et seq. specifically excepts an "implement of husbandry" from the requirement that a certificate of title must be obtained by every owner of "a vehicle." Also section 3–402A (2) specifically excepts any implement of husbandry from the requirement that every motor vehicle, trailer, semitrailer and pull trailer driven or moved upon any highway must be registered.

The conclusion to be drawn from the statutory definitions and the examination of the other sections of the statute is that the legislature has intended that the term "motor vehicle" include within its scope farm tractors. Unless a contrary intention is indicated, we must assume that the legislature intended the term "motor vehicle" to have the same meaning in the Guest statute (§ 9–201, Illinois Motor Vehicle Law).

The Iowa Supreme Court reached a similar conclusion in Hessler v. Ford, 255 Iowa 1055, 125 NW2d 132 (1963). The plaintiff was injured while riding on a drawbar of a farm tractor. The Iowa court held that the Iowa Guest statute barred the plaintiff from recovery for the negligent acts of the defendant. The court held that by definition "farm tractors" are motor vehicles and that the Iowa Guest statute applied.

As to the status of the hayrack upon which the plaintiff and his wife were riding, under the statutory definition above cited the same would not by itself constitute a motor vehicle. Under these definitions the hayrack would be classified as an implement of husbandry and a vehicle. However, on the evening in question this hayrack was coupled to the farm tractor for the purpose of being used as a single unit to transport people on a hayride. The two vehicles coupled together thus be-

came "one vehicle propelled otherwise than by muscular power" and thus a "motor vehicle" within the definition contained in section 1–133 of the Illinois Motor Vehicle Act.

The fact that these two vehicles were implements of husbandry, one a motor vehicle and the other simply a vehicle, did not change the concept that by joining the two together in one unit they became a single motor vehicle. In Miller v. Berman, 55 Cal App2d 569, 131 P2d 18 (1942), there was involved a truck tractor and a semitrailer. The court held that within the meaning of the statute the truck tractor was a motor vehicle and the semitrailer was a vehicle, but when the two units were joined together for the purpose of being moved over the highway they became one motor vehicle.

In Dennler v. Dodge Transfer Corp., 201 F Supp 431 (DC Conn 1962), the court stated that once a trailer and tractor are attached and pulled over the highway by means of a motor the trailer becomes an integral part of the unit and constitutes one motor vehicle. To the same effect, see State v. Harper, 353 Mo 821, 184 SW2d 601 (1945); Hart v. Stinson, 135 Fla 331, 185 So 139 (1938).

The plaintiff has insisted that since the farm tractor and the hayrack involved were not implements designed for carrying passengers they should not be considered to constitute a motor vehicle within the meaning of the Guest statute. We can find no such distinction indicated in the statute. We are of the opinion that the purpose for which the vehicle is used as well as its construction determines its character.

The plaintiff has attacked the provisions of the Guest statute and has cited numerous articles which have severely criticized the same. We cannot ignore what we consider to be the plain legislative intent as expressed in the act itself. The Guest statute has been created by the legislature and if its demise is to be

436

brought about we consider that to be a legislative function and not a judicial one.

Accordingly the judgment of Will County is affirmed.

Affirmed.

STOUDER, P. J. and ALLOY, J., concur.